**BOSTON GASLIGHT CO. (THACHER v.).**
See Case No. 13,850.

---

## Case No. 1,677.

### In re BOSTON, H. & E. R. CO.

[9 Blatchf. 101; 6 N. B. R. 209; 6 Am. Law Rev. 365.] [1]

Circuit Court, D. Connecticut. Sept. 19, 1871. [2]

BANKRUPTCY — PETITION FOR — WHO MAY INTERVENE—JURISDICTION OF DISTRICT COURT — PRIORITY OF ACQUISITION.

1. The Boston, Hartford and Erie Railroad Company was a corporation, chartered by the

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 6 Am. Law Rev. 365, contains only a partial report.]

[2] [Reversing an unreported case in the district court.]

state of Connecticut. It afterwards received a grant of corporate privileges, and was declared a corporation, by an act of the legislature of the state of Massachusetts, in which state it had an office, and carried on business. In October, 1870, a petition was filed by A., in the district court for Massachusetts, in bankruptcy, upon which the corporation was, on the 2d of March, 1871, adjudged bankrupt. In December, 1870, J. filed a petition in the district court for Connecticut, praying that the corporation be adjudged a bankrupt by that court. Pending this latter petition, A. petitioned the district court for Connecticut, and set forth, in his petition, and in a supplemental petition, his proceedings in Massachusetts, and the adjudication there made, averring, also, that the proceedings in Connecticut were collusive between the corporation and J., and would prejudice the creditors of the corporation, create expense and conflict, and embarrass the settlement of the estate, and praying that he, A., might be allowed to appear and defend against the petition of J. The district court for Connecticut dismissed such petition of A., and proceeded to an adjudication of bankruptcy against the corporation, and issued a warrant: *Held*, that, A. being, in fact, a creditor of the corporation, his petition to the district court for Connecticut should have been entertained, and that the facts set forth therein warranted his intervention.

[Followed in Re Boston, H. & E. R. Co., Case No. 1,678; Re Derby, Id. 3,815. Approved in Re Bergeron, Id. 1,342; Re Jack, Id. 7,119. Cited in Re Hatje, Id. 6,215; Re Scrafford, Id. 12,557; Re Jonas, Id. 7,442; Re Austin, Id. 662; Re Donnelly, 5 Fed. 786.]

2. That, whether the bankrupt was to be regarded as a single corporation, or as two corporations, united in interest, having one and the same corporators, and common property, rights, and franchises, and owing the same creditors, the district court for Massachusetts should be permitted to exercise the jurisdiction it had acquired over the bankrupt and the estate, and carry the proceedings in bankruptcy to their final conclusion, without the interference of the district court for Connecticut, and that all proceedings in that court should be stayed.

[Followed in Re Boston, H. & E. R. Co., Case No. 1,678.]

[Petition to review the decision of the district court of the United States for the district of Connecticut.]

In bankruptcy. On the 20th of December, 1870, a petition was filed in the district court, by James Alden, an alleged creditor of the Boston, Hartford and Erie Railroad Company, alleging the insolvency of the corporation, and the commission of an act of bankruptcy, and praying an adjudication declaring it bankrupt. To this petition, another alleged creditor, the Adams Express Company, by leave of the court, became a party, as co-petitioner. Pending the proceedings, Seth Adams presented a petition to the district court, and afterwards filed a supplemental petition, by which it appeared, that, before the filing of the petition of Alden in this district, he (Adams) had, on the 21st of October, 1870, filed, in the district court for the district of Massachusetts, his petition against the same corporation, alleging insolvency and an act or acts of bankruptcy, and that such proceedings were thereupon had, upon due notice, that, on

the 2d of March, 1871, the corporation was adjudged bankrupt. The petitioner also averred, that the proceedings in the district court for Connecticut were collusive, and intended to, and would, prejudice the rights of the petitioner and other creditors; that various defences existed thereto, which the company would not interpose; and that, if the proceeding was further prosecuted in Connecticut, it would lead to great embarrassment, expense, conflict of title and jurisdiction, and consequent litigation, to the prejudice of the creditors, and the reduction of the assets. The petitioner, therefore, prayed, that he, as a creditor, upon whose application the company had been decreed bankrupt, in the district of Massachusetts, might be permitted to appear and defend against the petition of Alden in this district, and for other and further relief.

The district court held these petitions of Adams to be insufficient, on their face, to warrant his admission as a co-defendant, for the purpose of resisting that of Alden, and dismissed them. To reverse this decision, Adams brought the present petition of review, before the circuit court. In this petition, he set forth the facts already recited, and averred that the district court, after dismissing his petitions, adjudged the company bankrupt, and directed that a warrant issue to take possession of its estate, and that a meeting of the creditors had been called to choose assignees. He also averred, that the alleged bankrupt was chartered, under the name of the Boston, Hartford and Erie Railroad Company, by the state of Connecticut, in 1863, with the right to purchase, from any persons or corporations interested, the franchises and property of any and all railroad companies located, in whole or in part, in the state of Connecticut, whose routes, or any part thereof, were on the railway lines running from the harbor of Boston, in Massachusetts, to Willimantic, in Connecticut, and from Providence, in Rhode Island, through Willimantic, to Waterbury, in Connecticut, and thence to Fishkill, in the state of New York, together with the right to make joint stock with any of said other railroad companies, located or having routes upon said railway lines; that said company was duly organized, under that act; that afterwards, and before the year 1868, the state of Massachusetts granted permission to certain railroad companies in that state to sell and transfer their franchises and property to the said Boston, Hartford and Erie Railroad Company, and declared the latter a corporation within that state, vested with all the franchises and powers pertaining to such corporations; and that, thereupon, under and by virtue of an act of Massachusetts, approved April 29th, 1868, the said Boston, Hartford and Erie Railroad Company became and was incorporated and established a corporation in the last-named state. He also averred, that that corpora-

tion owned and operated a railroad in the states of Massachusetts, Rhode Island, and Connecticut, owning other property, also, in those states, and had its principal office, place of business, and domicil, in the city of Boston, in Massachusetts, where the same were, for more than six months before the petitioner filed his petition against the bankrupt in the district court for the district of Massachusetts; that the petitioner was, in fact, a creditor; and that the said company had committed an act of bankruptcy, which was set forth. [Reversed.]

Simeon E. Baldwin, for Adams.

WOODRUFF, Circuit Judge. The petition of review, presented by Seth Adams, a creditor of the bankrupt corporation, was brought to a hearing upon an order to show cause, which was duly served upon the bankrupt, and upon the petitioning creditors prosecuting the proceeding in the district court. No party appeared to oppose the application for a review and reversal of the order of the district court, or to deny the allegations in the petition presented for that purpose. They are, therefore, for the purposes of such review, to be taken as admitted. The question, therefore, is—Ought Adams, upon the facts alleged by him, and not denied, to have been permitted to intervene, in the district court for Connecticut, for the protection of the interest he had in the estate of the bankrupt corporation, and to take part either in arresting or controlling the proceedings in this district?

This may now depend upon two questions: First, whether a creditor of an alleged bankrupt is, in any case, entitled to be heard in the district court, touching any order which that court may be asked to make by the bankrupt, or by a creditor petitioning that the debtor be adjudged a bankrupt, or, is such a proceeding so strictly inter partes, that no other creditor can intervene, for any purpose, prior to the adjudication; and second, whether the present petitioner presented a case in which intervention was necessary or proper, for the protection of the estate, or his interest therein.

It has been said, that no creditor is entitled to be heard until he has proven his debt in due form, so as to entitle him to share in the assets of the estate. This may, perhaps, be true when the object of such intervention is simply to interfere with the distribution of the assets, though I am not willing to hold even so broadly as to say, that no proof short of that of the formal and technical character contemplated by the forms of procedure will be sufficient to justify the court in entertaining an application by an actual creditor. In Re Troy Woolen Co. [Case No. 14,201], on review, I affirmed an order of the district court [Case No. 14,200], setting aside a sale of real estate by the assignee, on the applica-

tion of creditors of the bankrupt, although such formal proof had not been made, and their claim was, in fact, contested. I cannot admit that a creditor of the bankrupt can have no standing in court to be heard touching the proceeding, in any case, prior to the adjudication, if he show, by proofs, satisfactory to the court, that he is in fact a creditor, and that his interests will be affected by the adjudication. Formal proof of the debt, under the proceeding instituted, is, in some sense, a submission to the jurisdiction of the court, and an apparent admission, if not a claim, that the adjudication should be made, and the estate administered, upon the petition then and there pending.

At first view, it is natural and agreeable to our ordinary ideas upon this subject, to assume that a petition by an alleged creditor against his debtor, to compel a submission of his estate to the bankruptcy court, is a contest between two parties, with which a third person may not meddle. But this is by no means a complete view of the scope and effect of the proceeding. It is not a mere suit inter partes. It rather partakes of the nature of a proceeding in rem, in which every actual creditor has a direct interest. The proceeding is summary, and, in a high degree, informal, and it should be free from technical embarrassment. It is true, that no one is entitled to be heard therein who has no interest 'to protect; but, it seems to me, that, if the applicant does, in fact, show that he is a creditor, and has an interest to protect, it is not in accordance with the spirit of the proceeding to compel him first to file that formal proof of his debt which would import a recognition of the jurisdiction of the court over the question of adjudication, and the administration of the assets, which, by his application, he seeks to contest. It is, also, true, that, to justify such intervention, the object or purpose disclosed must be one which, in a legal sense, is meritorious, and not purely officious. Therefore, the facts alleged as grounds of intervention must be such as entitle the applicant to consideration. The court must be able to see that the intervention may serve some useful purpose, either in protecting the rights of the applicant, or those of the creditors at large. On this subject, the case of Brewster v. Shelton, 24 Conn. 140, furnishes no remote analogy. There, a creditor made application to the proper court to compel the appointment of trustees of the estate of his alleged debtor under the insolvent law of Connecticut. By that law, the appointment of trustees operated to defeat liens acquired by prior attachment of the debtor's property. Certain creditors, who had made the attachments, intervened for the protection of their liens, and were successful in defeating the application. The objection that they were not parties, and that they were not entitled to be heard, was urged; but the supreme court of errors overruled this objection, and fully established their right to thus intervene. If it be suggested that the parties intervening in that case had acquired a specific lien, which was distinctly involved in the matter before the court, such suggestion brings into view the precise relation of Adams, the · present' petitioner, to the matter pending in this case before the district court for Connecticut.

Leaving then, the general question, in what cases and for what purposes a creditor is entitled to be heard pending the proceeding—one of which is provided for in the 31st section of the bankrupt act, under which the courts have repeatedly held, that a creditor has a right to be heard in opposition to the discharge of the bankrupt, whether he has made formal proof of his debt or not (Bump's Bankrupt Law, 4th Ed. p. 433, and cases there cited)—it is sufficient for us now to deal with the precise case presented by this petitioner. He is the petitioning creditor in the district of Massachusetts, and has there obtained an adjudication declaring the debtor bankrupt. He has thereby acquired a clear legal right to have its property applied to the payment of its debts, and, in a proper sense, has obtained an equitable lien on all the property and estate of the bankrupt, (assuming, of course, for the purposes of this question, that the proceeding in Massachusetts is legal and operative,) and has an interest in protecting it from embarrassment, complication, and waste, or withdrawal from the control of that court, and, especially, in preventing the administration of any part of the assets from being transferred, under the forms of law, by collusion between the debtor and other creditors, to another and distant forum. But, nevertheless, as already observed, no intervention should be permitted, unless the case made by the petitioner shows that he is seeking a proper object, and presents the facts necessary to warrant the relief for which he asks. This leads to the consideration of the second question, and that is, whether the petitioner has shown a case which entitles him to intervene for the protection of his interest in this estate.

In determining this point, it is not necessary that I should express any opinion on the question whether the Boston, Hartford and Erie Railroad Company is, under the laws of Connecticut and Massachusetts, one corporation, or two corporations having a common stock, a common property, common powers, and identical corporators. Nor is it necessary to enquire here, whether railroad corporations are amenable to the bankrupt act, as bankrupt debtors. For the purposes of this case, I might rest that point on the opinion of the learned justice of the supreme court, (Mr. Justice Clifford,) by which the jurisdiction of the bankrupt courts over such corporations was affirmed, in the case against this

company in the district of Massachusetts (Sweat v. Boston, H. & E. R. Co. [Case No. 13,684]), but the question is not material for the disposition of the case now before me. If such jurisdiction exists, then this case is to be considered in other aspects. If it does not exist, then, surely, that fact should be no obstacle to an intervention to stay its assumption and exercise.

The petition shows, that the debtor is either a single corporation, exercising corporate powers by authority of Massachusetts, having its principal office and place of business in Boston, in the district of Massachusetts, and, therefore, within the jurisdiction of the bankrupt court there; or, two corporations united, owning all their property in common, conducting their business for the joint benefit, exercising like powers, having in all respects a common interest, performing all their functions to compass one object, for the benefit of the same corporators and stockholders, and having one set of creditors. In this aspect, they may be something more than .partners; but they are so united that they are plainly within the section (§ 36) of the bankrupt act relating to partnerships, as well as within that relating to joint stock companies (§ 37), and are, therefore, liable to be proceeded against in the district of Massachusetts. It is no less true, that, in either view of the character of the company, it was equally liable to be proceeded against in the district of Connecticut. The district courts of both districts had jurisdiction over the debtor, as a bankrupt.

In this state of the law, if no express rule were prescribed, no doubt would, I think, exist as to the proper practice, where the jurisdiction of both courts, to adjudge the debtor bankrupt and administer its estate, was invoked. The familiar practice of courts of equity, acting under the same general jurisdiction, would require them, when their jurisdiction should be invoked for the distribution of the same fund, by different complainants, to permit the court first obtaining jurisdiction of the fund, by the institution of a suit, to proceed therewith to its full and complete disposal. For, it will be observed, that such a case is not analogous to that of two suits proceeding at the same time in different states, under different laws. Both the district courts here are federal tribunals, acting under federal laws, constituting a single system, operating alike in both jurisdictions, and necessarily governed by the same rules, and proceeding to the same identical result. It would be a mere act of comity for a state tribunal to stay its own proceedings, on the ground that a suit was pending in a court of another state, both suits being for the administration of the same fund; as, for example, in a case for the construction of a will, and the proper distribution of the estate under it. Here, there can be but one administration, there is but one bankrupt law, the authority and

jurisdiction of the courts are derived from one source, and the reasons for confining the administration of the estate to a single tribunal are of great fitness and force.

I am, therefore, of opinion, that, in the absence of any express provision, it would be the duty of the other district courts to yield the control and direction of the entire proceeding to that one whose jurisdiction was first invoked, and whose power is ample to accomplish all the purposes of the law, and protect the rights of all parties interested, under the authority of the same act which governs each of them. See the principle and some analogies in Smith v. M'Iver, 9 Wheat. [22 U. S.] 532; Ex parte Robinson [Case No. 11,935]; Shelby v. Bacon, 10 How. [51 U. S.] 56, 68; Peale v. Phipps, 14 How. [55 U. S.] 368, 374. Without this, it is difficult to see how the law can be safely, uniformly, and legally administered. On the appointment of an assignee, all the property of the bankrupt is, by express terms, vested in him, by the assignment made, and such assignment relates back to the commencement of the proceedings. When, therefore, one court, having jurisdiction, has adjudged a debtor a bankrupt, appointed an assignee, and executed the assignment, nothing of the property of the bankrupt remains in him to be taken or administered by another tribunal. All is vested in the assignee appointed by the other, as of the time when the first petition was filed. If, on a second petition, filed in another court, the latter were to proceed to appoint an assignee, it is difficult to perceive that the title of the latter would not be completely overridden. To use, for illustration, the present case. The petition to put this debtor into bankruptcy was first filed in the district court of Massachusetts, which clearly had jurisdiction, and that court had adjudged it bankrupt before any such adjudication had taken place in Connecticut. If, then, as the statute expressly provides, the appointment of the assignee, and the assignment to him, relate back to the commencement of the proceedings, how can any assignee appointed in Connecticut, under proceedings commenced subsequent to the beginning of those in Massachusetts, acquire any title or right to intermeddle with the administration, as against the assignee appointed in the latter district, and, by relation, if not by prior appointment, having prior and exclusive title?

The law, however, contains other provisions bearing on the subject, and the general orders of the supreme court, made by express authority of the act, shed further light for our guidance. In the case of co-partnerships, when the co-partners reside in different districts, and, therefore, more than one court has jurisdiction, it is provided, that the court in which the petition is first filed shall retain exclusive jurisdiction over the case, (§ 36.) This provision is to prevent the complication which might arise if both

courts were to attempt to administer the same estate, and furnishes an apt analogy, if not a rule, for this precise case. It is possible, that the same assignee might be chosen and approved [appointed][3] in each jurisdiction; but it is also possible, that different ones might be chosen. And, if the same were chosen in both, there is no fitness nor propriety that there should be a double accounting, or a double series of orders, with double services and costs. The act authorizes proceedings against a single debtor, either in the district in which he resides, or that in which he carries on business. Proceedings might, therefore, be commenced against him in both; and I find, in the terms of the act, no express declaration as to which court shall have priority of jurisdiction. The implication, however, resulting from the vesting in the assignee the title to all the property of the bankrupt by relation back to the commencement of the proceedings, seems necessarily to involve the same rule as that expressly prescribed in the case of co-partnerships.

But, the supreme court, whose orders, in cases not otherwise provided for. or, at least, so far as they are consistent with what is provided by the act, are conclusive, by general order number sixteen, have directed, that, "in case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicil; * * * and, in case of two or more petitions against the same firm in different courts, * * * the petition first filed shall be first heard; * * * and. in either case, the proceedings upon the other petitions may be stayed until an adjudication is made upon the petition first heard, and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed." Upon the facts stated in this petition of review, if the bankrupt be regarded as a single corporation and having a domicil, within the meaning of this order of the supreme court, that domicil is as truly in Massachusetts as in Connecticut, the bankrupt having been incorporated by both states. If, however, it is to be regarded as composed of joint parties, and in the nature of a co-partnership. then the petition filed in Massachusetts was entitled to be first heard, and then, as in the other case, provision was made for staying the proceedings in Connecticut; and the court in Massachusetts, having made the first adjudication of bankruptcy, retained jurisdiction over all proceedings therein until the same shall be closed. But, if the character of the debtor here is anomalous, not precisely answering either description, then the law and the order of the supreme court prescribe a rule. which, from its obvious fitness and propriety, should be the guide of the court in these proceedings, in order to avoid the complication, embarrassment and expense, if not inevitable conflict, resulting from an endeavor to administer the same fund in two districts.

It may not follow, that the court in which the latest petition is filed, must, or ought to, dismiss the proceeding lawfully and regularly instituted; but it should, at least, in my opinion, on a proper application, stay the proceedings, until some adjudication touching the bankruptcy be had in the tribunal in which the petition was first filed; or, if the debtor has been already adjudged bankrupt there, abstain from an apparent interference with the title of the assignee to the estate.

If these views are correct, then there was ground for the application to the court in Connecticut to stay proceedings, and yield to the already acquired and exclusive jurisdiction of the court in Massachusetts. This ground was fully shown by the petitioner in his application to the district court, and it was further alleged that the debtor was in collusion with the petitioning creditors here, and would make no resistance to their petition. Who, then, was authorized to present these facts to the district court in this state, and assert the prior and exclusive jurisdiction of the court in Massachusetts? The debtor would not. The petitioning creditors would not. If they were acting in collusion, their purpose could only be to complicate and embarrass the proceedings, to the prejudice of the creditors, and to produce conflict and litigation. I feel no hesitation in saying, that the petitioning creditor in Massachusetts was eminently the proper party to bring the state of this case to the attention of the court, and ask to be heard in resistance to further proceedings which tended to his prejudice, as the prosecuting creditor, and which, if permitted to have any operation, tended to defeat the rights he had acquired, and the effect of the adjudication. in Massachusetts. Unless this be so, then the neglect of the debtor to resist the later proceedings defeats the express provision giving exclusive jurisdiction to the court in which a petition is first filed, or that which gives to the court making the first adjudication exclusive jurisdiction; or it leaves the court to proceed to an idle and useless form of adjudication and administration, after its jurisdiction has been, for the time at least, defeated, and when the property of the bankrupt is divested, so as to leave nothing for the court to administer. I think, therefore, that the petition of Adams should have been entertained, and, if the facts therein alleged were not controverted, or were found true, the proceedings in the court below should have been stayed.

Since the argument of this petition of review, the creditors, proceeding under the adjudication of bankruptcy in the district court, have chosen the same assignees who were chosen by the creditors under the proceed-

[3] [From 6 N. B. R. 209.]

ings in Massachusetts. and they have been approved by both courts.

I find nothing whatever in the case to warrant the conclusion that the adjudication of bankruptcy in this state was an improper decree. Surely, the petitioning creditor, who himself sought a like decree in Massachusetts, cannot deny that the debtor was bankrupt, and could be properly so adjudged. And, as to the assignees, they are duly appointed by the court in Massachusetts, and the further sanction of an appointment in Connecticut can by no possibility prejudice the petitioner. There is, therefore, in the present condition of the matter, no occasion for disturbing what has been done. All that can be said is, that, according to the views which I have here expressed, the petitioner was entitled to have the proceeding earlier stayed, to avoid a possible result that cannot now happen. It may be suggested, that these subsequent occurrences are not regularly before me on this review. In technical strictness, that is true; but I have ample power to permit them to be brought before me. Such supervision as is conferred on this court in these cases. summary in its nature, is not to be so hampered by technical rules, as to prevent my dealing with the case as it now exists. It seems to me, therefore, that, unless the petitioner desires to deny that those subsequent proceedings took place as I have stated, all that is necessary now is, to stay the proceedings in the district court. It is not easy to see that there can ever be occasion to move further therein; but. if the jurisdiction of the court in Massachusetts should in any way be defeated. or the proceedings therein be reversed, or dismissed, upon any grounds not also applicable to those pending in this district, it may be of the utmost importance to all the creditors, and especially to the petitioner himself, that those proceedings be resumed and continued to the final close of the administration of this bankrupt estate.

[NOTE. For proceedings in Massachusetts, see Cases Nos. 47. 152, and 13.684. For proceedings in New York, see Id. 1,678–1,680.]