*In re* OREN HAWKES, appellant from decree of Judge of Insolvency.

Cumberland. Opinion September 11, 1879.

*Insolvency. Practice.*

After a petition has been made and proceedings have commenced and are pending in the court of insolvency, a petitioning creditor cannot withdraw and have his name stricken out of the petition without leave of the court.

By leave of court creditors not originally petitioning may become parties to the proceedings already pending against an insolvent debtor.

ON EXCEPTIONS.

The facts appear in the opinion.

*A. J. Blethen*, for the appellant.

*N. Webb & Thos. H. Haskell*, for petitioning creditors.

APPLETON, C. J. This is an appeal from the decree of the judge of the court of insolvency. The questions raised by the decree are alone in issue. As in probate appeals, so in appeals from the court of insolvency, the appellant is restricted to such points as are specified in the reasons of appeal and those reasons should be set forth specifically.

The decree from which an appeal is taken presents three questions for adjudication.

1. Can a petitioning creditor after proceedings have been commenced and the cause is pending before the court of insolvency, withdraw as a party, and have his name stricken from the petition at his own will and pleasure, and against the wishes of his co-petitioners and thus defeat the very proceedings to which he became voluntarily a party?

The insolvent law is a remedial not a penal statute. Its object is not the punishment of the insolvent debtor. It is to provide for a just and equitable distribution of his estate among those to whom it of right belongs. It seeks to protect the honest creditor from being over-reached by the unscrupulous debtor and to relieve the honest debtor from the burden of liabilities he is unable to discharge.

The petition by creditors against an insolvent debtor to compel a submission of his estate to the court of insolvency is not a mere suit *inter partes*. "It rather partakes," observes Woodruff, J., *in re* the Boston, Hartford & Erie Railroad Company, 9 Blatchf. 101, "of the nature of a proceeding *in rem*, in which every creditor has a direct interest." It is to be observed that the general principles applicable to proceedings in bankruptcy are equally applicable to proceedings in insolvency so far as the several statutes on these subjects are similar or analagous.

After proceedings had been commenced and the court of insolvency had acquired jurisdiction, the firm of Rothwell, Martin & Co., one of the petitioning creditors, "refuse to proceed further in insolvency proceedings against said Hawkes," and move that their names be stricken from the petition.

This motion was denied.

If the motion had been granted, the number and claims of the petitioning creditors would have been reduced below the requirements of the statute. It would defeat the just rights of their associates. It would compel a resort to new proceedings, and confirm attachments which will now be defeated, and thus a more equitable distribution of the assets of an insolvent debtor will be presented.

The reasons given in the petition of Rothwell, Martin & Co. are that they were led to join the original petition "through a misunderstanding of the facts in the case, and that they do not believe it will be for the best interest of the creditors of Hawkes to have the petition granted," and therefore they pray to have their names stricken from the petition.

It is undoubtedly true that the court has authority to authorize a petitioner to withdraw, and that such authorization will be granted

for good cause, as that the signature of the petitioning creditor was obtained by misrepresentation. Here there is no misrepresentation found by the court, nor alleged by the petitioner. What the misunderstanding was and how it occurred, and what was for the best interest of the creditors were submitted to the decision of the judge of insolvency and his conclusion negatives the allegation of the petitioners. There is nothing before us to show any error of law or of fact. On the contrary his very clear and able opinion affords a full justification of his judgment in the premises.

*In re* Heffron, 6 Bissel, 156, a similar question arose and in delivering his opinion, Blodgett, J., says, "I am of opinion the request should be denied, and that none of the creditors, who have joined in the petition should be allowed to withdraw unless all do so. As the bankrupt law now stands I am satisfied it would be a mischievous practice to inaugurate to allow a quorum to be broken after they have united in good faith for the prosecution of proceedings. . . I do not intend to say that creditors who have been misled by false representations should be prevented from withdrawing by a discovery of the truth." To the same effect is the decision *in re* Sargent, 13 B. R., 144. Indeed, while a creditor who has proved his debt may be permitted to withdraw it, if it was made under mistake of law or fact, yet such withdrawal will not be granted if intervening rights will thereby be affected. *In re* Hubbard, 1 Law. M. 190.

2. It is objected that Nutter Brothers were permitted to join in the proceedings against the insolvent Hawkes. These proceedings are for the benefit of all his creditors. They are interested therein and have a right to intervene. *In re* Lacy, Downs & Co., 12 Blatchf. 323. *Foster* v. *Goulding*, 9 Gray, 50.

3. It is objected that the statute, under which these proceedings are had, is unconstitutional. But that is no longer an open question, its validity after full consideration having been affirmed *in re* Damon, 70 Maine, (Herbert L. Damon, appellant.)

*Exceptions overruled.*

WALTON, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.