## Case No. 8,391.

### In re LITTLE.

[3 Ben. 25;[1] 2 N. B. R. 294 (Quarto, 97); 1 Chi. Leg. News, 123.]

District Court, S. D. New York. Nov. 27, 1868.

BANKRUPTCY—JURISDICTION—CARRYING ON BUSINESS.

Where a bankrupt, who filed his petition in the Southern district of New York, in December, 1867, was a member of a firm engaged in manufacturing cloths in New Jersey, which failed in October, 1866, and, for six months before the filing of the petition, he had resided in New Jersey, but had a desk in the office of his son in New York City, where he received and wrote letters, and kept books and papers, and was engaged in closing up the affairs of the concern, but did no other business and had no other place of business: Held, that his petition was not properly filed in this district, and this court had no jurisdiction to grant a discharge.

[Cited in Fogarty v. Gerrity, Case No. 4,895; Re Penn. Id. 10,926; Re Ives, Id. 7,115; Re Groome. 1 Fed. 467; Allen v. Thompson, 10 Fed. 124.]

[See In re Belcher. Case No. 1,237.]

The discharge of [William H. Little] the bankrupt, in this case, was opposed by a creditor, who specified as one of the grounds of his opposition, that the bankrupt did not reside or carry on business, for the six months next immediately preceding the time of the filing of the petition for his discharge, in the Southern district of New York. The petition, which was a voluntary one, was filed on the 10th of December, 1867, and described the bankrupt as "of the city of Elizabeth, in the county of Union, and state of New Jersey," and stated that "he has had a place of business, and carried on business, as a dealer in cloths, for six months next immediately preceding the filing of this petition, at 24 Church street, in the city of New York," within the Southern district of New York. The proofs in the case showed that the bankrupt was a member of the firm of Little & Dana,[2] which had a manufactory of cloths in New Jersey; that the insolvency of that firm became known in October, 1866; that the assets of the firm, when it failed, consisted of woolen goods and machinery, the machinery being in New Jersey; that the woolen goods were and continued to be in the hands of agents in New York and Philadelphia, the agents in New York being Collins, Atwater & Whitney; that neither the bankrupt nor his firm kept any books of account after July, 1867; that the firm never kept any porter, clerk, or employee in the city of New York; that the firm were manu-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Charles H. Dana. the partner, was made a party to the proceedings on application of the bankrupt William H. Little. Case No. 8,390.]

facturers, and never called themselves merchants, and had a factory and an office in New Jersey; that, for the six months next immediately preceding the filing of the petition, the firm had desk room in the office of a firm of which the son of the bankrupt was a member, at No. 24 Church street, New York, and received letters by mail, addressed to them there, and wrote letters from there; that neither the bankrupt nor his firm had any other office or place of business; that their books and papers were at the office. at No. 24 Church street; that a tin sign, with the words "Little & Dana," was attached to the door of that office; that the firm ceased manufacturing on the 1st of May, 1867; that the business the bankrupt was engaged in at No. 24 Church street, from the 1st of May, 1867, was settling up the business of the firm, and receiving and writing letters; that no rent was paid for the desk-room or the use of the office; and that the bankrupt resided in New Jersey.

Davis, Doolittle & Wyman, for bankrupt.
Sterne Chittenden, for creditor.

BLATCHFORD, District Judge. It is required by the eleventh section of the bankruptcy act [of 1867 (14 Stat. 521)], that the voluntary petition of a bankrupt shall be addressed to the judge of, and filed in, the judicial district in which the bankrupt has resided or carried on business for the six months next immediately preceding the time of filing such petition, or for the longest period during such six months. In the present case, the bankrupt resided in New Jersey, and he did not, in the sense of the act, carry on business in New York during any part of the six months. His firm were manufacturers of woolen goods in New Jersey, not merchants. They failed in October, 1866. They made no goods after May 1st, 1867. Their goods were not in their own hands for sale, but were in the hands of agents. They kept no books of account for more than four months before the filing of the petition. They did not have any porter, clerk, or employee in New York, but only an office, in which to write and receive letters and keep books and papers, the use of which office was furnished to them as a gratuity. The fact that the bankrupt had no office or place of business elsewhere than in New York, and that he was in the habit of coming to New York to write and receive his letters there, and to settle up his old business there, at an office where he kept up on a sign the name of his firm, does not make out a carrying on of business in New York, within the sense of the act. The whole effort on the part of bankrupt in the testimony appears to have been to show that the only place of business or office he had was in New York, and that he did not carry on business elsewhere than in New York, and then to insist that it follows that he carried on business in New

York. This is a departure from the statute and from what the bankrupt understood to be necessary when he swore to his petition. In that he swears that he has "carried on business, as a dealer in cloths, for six months next immediately preceding the filing of this petition, at 24 Church street, in the city of New York." Now, whatever else the testimony shows, it proves that this allegation in the petition is wholly untrue. Not only did he not carry on business as a dealer in cloths, for the six months, at No. 24 Church street, but he did not carry on business at all in New York during the six months, in the sense of the act. He ought to have filed his petition in New Jersey. The discharge is refused for want of jurisdiction in this court to grant it.