by the comptroller, and ought not to have been admitted. I am not unmindful of the allegation made by the attorney for the United States, that the papers which would explain this transaction are burnt, and cannot be produced. But this fact is not stated in the bill of exceptions, and cannot be noticed. I can no more take it into consideration than I can the indorsement on the letter controverting the amount it claims, and, consequently, destroying every implication arising from its being considered the paper of McKewan. I must consider it as a paper, equivocal in itself, produced by a party in possession of testimony which is unequivocal. The judgment must be reversed.

---

PENDLETON (VAN HOOK v.). See Cases Nos. 16,851 and 16,852.

PENELOPE, The. See Case No. 16,946.

PENELOPE, The (LAMAR v.). See Case No. 8,007.

PENELOPE, The (LOCKE v.). See Case No. 16,946.

PENELOPE, The (McQUIRK v.). See Case No. 8,925.

PENELOPE, The (UNITED STATES v.). See Case No. 16,024.

PENELOPE, The (VINCENT v.). See Case No. 16,946.

---

## Case No. 10,925.

### PENHALLOW v. DOANE.

[See 3 Dall. (3 U. S.) 54.]

---

## Case No. 10,926.

### In re PENN et al.

[4 Ben. 99; [1] 3 N. B. R. 582 (Quarto, 145).]

District Court, S. D. New York. March, 1870.

PRACTICE—JURISDICTION—DISCHARGE.

1. Where creditors of involuntary bankrupts applied to set aside the adjudication of bankruptcy, on the ground that the court had no jurisdiction to make it, by reason of the absence of certain jurisdictional averments in the petition, the bankrupts opposing the application: *Held*, that the question of jurisdiction could not be raised at this stage, or in this way.

2. The creditors could oppose the application of the bankrupts for discharges, on the ground that the court had no jurisdiction of the case, if they saw fit.

[Cited in Re Groome. 1 Fed. 468; Allen v. Thompson, 10 Fed. 124.]

3. A discharge granted without jurisdiction is void.

[In the matter of John R. Penn, Charles V. Culver, and Lucien H. Culver, bankrupts.]

R. Sewell and A. B. McCalmont, for creditors.

F. N. Bangs and L. K. Miller, for bankrupts.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. In this case, John R. Penn, Charles V. Culver and Lucien H. Culver, both individually and as members of the firm of Culver, Penn & Co., have been adjudged bankrupts. Thomas Hoge, a creditor of Charles V. Culver, individually, and William Raymond, a creditor of the said firm, and also a creditor of Charles V. Culver, individually, now apply to the court to set aside the adjudication of the bankruptcy of the said firm, and of Charles V. Culver and Lucien H. Culver, on the ground that this court had no jurisdiction to make such adjudication, by reason of the absence of certain jurisdictional averments in the petition. The petition was filed by Penn against the Culvers as his copartners, and prayed that the copartnership and its said three members might be adjudged bankrupts. An order to show cause was issued against the Culvers, and on the return day they appeared by attorney, and filed a written consent to be adjudged bankrupts in this proceeding. They do not question the adjudication. On the contrary, they and Penn, on notice from the said creditors, oppose this application.

I do not think the questions sought to be raised by these creditors, can be raised by them at this stage of the proceedings or in this way. If they wish to oppose the application of the bankrupts for their discharges, on the ground that this court has no jurisdiction of the case, they can do so when the time arrives, as was done in the case of In re Little [Case No. 8,391], where a discharge was refused on such ground. If they shall not so oppose, and a discharge shall be granted, such discharge, if granted without jurisdiction, will be void, for, by section 34 of the act [of 1867 (14 Stat. 533)], it is only a discharge duly granted which is of any avail. A discharge granted without jurisdiction to grant it, is not duly granted, and is no discharge. It is unnecessary, therefore, to pass upon the questions raised and discussed on the hearing. The motions are denied.

[For subsequent proceedings in this litigation, see Cases Nos. 10,927, 10,929, and 10,928.]

---

## Case No. 10,927.

### In re PENN et al.

[5 Ben. 89; 5 N. B. R. 30; 3 Chi. Leg. News, 225.] [1]

District Court, S. D. New York. April 6, 1871.

JURISDICTION—BANKRUPTCY OF PARTNERSHIP—PETITION BY ONE PARTNER.

P. filed a petition in bankruptcy, alleging that he was a member of the firm of C. P. & Co.; that the other members resided in Pennsylvania; that he had resided for more than six months next immediately preceding the filing of his petition, in the city of New York;

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 5 N. B. R. 30, and 3 Chi. Leg. News, 225, contain only partial reports.]