## Case No. 1,342.

### In re BERGERON.

[12 N. B. R. 385;[1] 2 Cent. Law J. 507; 1 N. Y. Wkly. Dig. 178.]

District Court, E. D. Michigan. July 12, 1875.

INVOLUNTARY BANKRUPTCY — SETTING ASIDE ADJUDICATION—RIGHTS OF ATTACHING CREDITOR—NUMBER AND VALUE OF PETITIONING CREDITORS.

1. An attaching creditor may move to set aside an adjudication of bankruptcy, though no party to the bankrupt proceedings.

[Cited in Re Hatje, Case No. 6,215; Re Williams, Id. 17,706; Re Scrafford, Id. 12,557; Re Jonas, Id. 7,442; Re Austin, Id. 662; Allen v. Thompson, 10 Fed. 124.]

2. Though the aggregate of the debts of the petitioners, whose debts exceed two hundred and fifty dollars in amount, does not equal one-third of the aggregate of all debts exceeding two hundred and fifty dollars, still the petition should be sustained, if the aggregate of all the petitioners' debts equal one-third of the aggregate of all the debts provable against the estate.

[Cited in Re McAdam, Case No. 8,654; Re Lloyd, Id. 8,429. See, also, In re Broich, Id. 1,921.]

In bankruptcy. Petition of Doggett, Bassett & Hills, of Chicago, to set aside adjudication in bankruptcy [against John B. Bergeron. Denied.]

The petition sets forth that petitioners were creditors of Bergeron upon an open account for merchandise to the amount of fourteen hundred and twenty dollars and forty-six cents. That on the 28th of January, 1875, they commenced suit against the bankrupt in the circuit court for the county of Calhoun, by attachment, and that the suit is still pending; that on the 31st day of March certain creditors of the bankrupt filed a petition upon which Bergeron was adjudicated a bankrupt by default. They further allege that the proceeding was not taken by creditors who constituted one-fourth in number of the creditors of the said Bergeron, nor was the aggregate of their debts one-third of the debts provable against him under the bankrupt act. They further set forth that only two petitioners whose debts exceed two hundred and fifty dollars were parties to the petition, and that their debts in the aggregate did not equal one-third of the entire amount of debts which exceeded the sum of two hundred and fifty dollars. They further allege that they have acquired rights by virtue of their attachment in the state court, which will be destroyed by the bankruptcy proceedings, and pray that the order of adjudication may be set aside, for the reason that a sufficiency of creditors did not join in the petition.

Mr. Romeyn, for petitioners.

C. I. Walker, for assignees.

BROWN, District Judge. Upon the argument of this case I intimated a doubt whether a creditor who had obtained a preference by attachment, and was no party to the bankruptcy proceedings, stood in a position to set aside an adjudication, even though it had been improperly and irregularly entered. The first reported case I have found is that of Brewster v. Shelton, 24 Conn. 140. Under the laws of that state, an attachment-creditor filed a petition in the probate court for the appointment of a trustee of the debtor, pursuant to the provisions of the statute, and it was held that other attaching creditors were so far interested in the subject-matter before the court, that they had a right to be heard in opposition to the proceedings. The effect of the application being to dissolve their liens acquired by the attachment, the court held they were entitled to appear and protect such liens, and to show that the proceedings were commenced and carried on with a fraudulent design, to injure them and the other creditors of the insolvent. The question first arose under the new bankrupt law in the Case of Walker, [Case No. 17,061,] where the district court of Massachusetts entertained a petition to vacate an adjudication upon a voluntary petition for want of jurisdiction, averring that the bankrupt had not resided in the district, as required by law. No objection, however, was made to this mode of review.

The question was first distinctly presented in the case of Fogerty v. Gerrity, [Case No. 4,895,] where it was held that as all creditors are parties to, and bound by the proceedings in bankruptcy, an adjudication which was not made and carried on within the proper jurisdiction, should be set aside and vacated upon the petition of an attaching creditor. In such a case, however, I apprehend that the adjudication would be void, even in a collateral proceeding. Objection being taken that the creditor had no right to institute these proceedings, it was held that consent could not confer jurisdiction, and that he might attack it directly, as well as take advantage of it collaterally. In the case of Karr v. Whittaker, [Id. 7,613,] the court held that there was no party to a creditors' petition except the petitioning creditors and the bankrupt; that a party to whom the bankrupt had made a fraudulent preference, and who had been enjoined from disposing of the property of the bankrupt, had no right to contest or to vacate the adjudication, that being a matter in which he could have no interest. It was claimed in this case, that the adjudication had been procured fraudulently, that there had been no publication, and that before adjudication the bankrupt had died. A similar view of the law was taken by the district court of southern New York in the Case of the Boston, Hartford & Erie Railroad Company, [Id. 1,679,] in which a creditor who had filed a petition in another district asked leave to defend against another petition filed in the southern district of New York. The court held that he had

_____
[1] [Reprinted from 12 N. B. R. 385, by permission.]

no concern in the matter before adjudication. On appeal to the circuit court, however, Judge Woodruff reversed this ruling and entertained the petition. 6 N. B. R. 209, [In re Boston, H. & E. R. Co., Case No. 1,677.] The recognized ability and learning of Judge Woodruff entitles this opinion to great weight. It was subsequently followed by Judge Blatchford, in the Case of Derby, [Id. 3,815,] and is recognized as the law of that circuit. In this case, an infant had been adjudicated a bankrupt, and the court granted the petition of the mortgagee to set aside the adjudication upon that ground.

A different view was taken of the law by the late Judge Hall, of the northern district of New York, in the Case of Bush, [Case No. 2,222,] quoting and following the opinion of Judge Blatchford in the case which was subsequently reversed by the circuit court.

It will thus be seen that the weight of authority is decidedly in favor of entertaining jurisdiction of such petitions, and upon mature reflection I am satisfied that it is founded upon the better reason. Although the proceedings between the petitioning creditors and the bankrupt until the adjudication are in a measure interpartes, still, as such adjudication operates ipso facto, to dissolve all attachments issued within four months before the commencement of the proceedings, I think that an attaching creditor is entitled to interpose and protect his interest. It would be a singular anomaly if a lien, obtained by his diligence, could be set aside by proceedings to which he could not make himself a party. Although the finding of the court as to the sufficiency of creditors in number and amount would be binding in any collateral proceeding, still it is a quasi jurisdictional allegation, and if the attention of the court is called to the want of a proper number of petitioners, I think the adjudication should be opened.

Upon the facts of this case, however, disclosed in the petition, I am satisfied the adjudication should not be set aside. The act requires that proceedings shall be instituted by creditors who shall constitute one-fourth in number, and the aggregate of whose debts, provable under the act, amounts to at least one-third of the debts so provable. The same section further provides that in computing the number of creditors, as aforesaid, who shall join in such petition, creditors whose respective debts do not exceed two hundred and fifty dollars shall not be reckoned. It has already been held by this court, in the Case of Hadley, [Case No. 5,894,] contrary to the view taken by the district court for the southern district of New York, in Re Hymes, [Id. 6,986,] that in computing, the amount of creditors who should join, as contradistinguished from the number, creditors whose claims are less than two hundred and fifty dollars, should be reckoned. It appears by the petition in this case that there are five creditors whose debts exceed two hundred and fifty dollars, two of whom have joined in this petition. So far as the number is concerned, then, there is no doubt of their sufficiency. The aggregate of the bankrupt's debt as disclosed by the petition of Doggett, Bassett & Hills, is four thousand eight hundred and ten dollars and twenty-six cents. The aggregate of the debts of the petitioning creditors is sixteen hundred and seventy-one dollars and ninety-seven cents, three times which would be five thousand and fifteen dollars and ninety-one cents. More than one-third of the aggregate of the bankrupt's debts are therefore represented in the creditors' petition, although the debts of three petitioning creditors are each less than two hundred and fifty dollars in amount.

The petition must therefore be denied.