ALLEN & CO. *v.* THOMPSON.

*(District Court, W. D. Tennessee.    January 7, 1882.)*

1. BANKRUPTCY—VACATING DISCHARGE—WANT OF NOTICE—REV. ST. § 5109—JURISDICTION—WHAT PETITION SHOULD SHOW.

    If no notice be given to the creditors of the separate application for a discharge, as required by Rev. St. § 5109, the certificate of discharge will be vacated on petition of the creditors. The district court has inherent power, by necessary implication, from the statute to entertain a petition for that purpose. *It seems* that the petition should show a ground for withholding the discharge if set aside, but it was not for special reason required in this case.

2. SAME—PARTNERS—OPPOSING DISCHARGE—WANT OF JURISDICTION IN THE COURT—BANKRUPT NOT A RESIDENT NOR DOING BUSINESS IN THE DISTRICT—OBJECTION, WHEN MUST BE TAKEN—WHEN WAIVED.

    The creditors, when notified that bankruptcy proceedings have been commenced, must promptly, by a motion or petition to vacate the adjudication, object to the jurisdiction of the court, or the objection is waived. They cannot prove their debts, appoint an assignee, distribute the estate, use the proceeds for their benefit, and for the first time object to the jurisdiction in opposition to the discharge. An application to vacate the certificate for want of jurisdiction of the original bankruptcy petition by copartners, because one of the members of the firm did not reside within, or the firm do business within, the district, as required by statute, was denied. These facts will be presumed in favor of the jurisdiction, however the truth may be, especially if the petition defectively states enough from which jurisdictional facts may be inferred.

In Bankruptcy.

Petition to set aside and annul a certificate of discharge filed by a creditor against the bankrupt, to which he has demurred. The petitioners allege that a final discharge was granted on the ninth day of June, 1881, but that the register's certificate of conformity was premature, because of a failure to comply with certain prerequisites required by law in the course of the proceedings. The grounds alleged for setting aside the discharge are as follows:

(1) That Thompson was not a resident or citizen of this district, and the court had not jurisdiction. (2) That he has never filed schedules of his individual liabilities and individual assets, as required by Rev. St. § 5014 *et seq.* (3) That petitioners, as *individual* creditors of Thompson, were never served with any notice, as required by Rev. St. § 5019, and that this failure to file schedules of his individual creditors and assets makes the order of adjudication illegal as to his individual debts. (4) That no notice was given or publication made to the creditors who had proved their debts of Thompson's application for discharge, as required by Rev. St. § 5109, and that petitioners having proved were entitled to notice, and had none of the application for discharge. (5) That his assets did not pay the required per centum, nor did he have the required assent

The demurrer takes objection on the following grounds:

(1) The petition does not allege the discharge was fraudulently obtained. (2) The particular grounds required by Rev. St. § 5110, for withholding a discharge, are not specified. (3) No one of the particular grounds for annulling a discharge, required by Rev. St. § 5120, is specified. (4) It is not alleged that the petitioners did not have full knowledge of the acts alleged for avoiding the discharge before the same was granted. (5) The first specification does not aver that the firm of Lonsdale & Thompson, by which the petition was filed, did not do business within six months next preceding the bankruptcy petition in this district. (6) The second specification does not aver any ground for avoiding a discharge. (7) The third specification does not aver that the notice prescribed by the court under section 5019 was not given, nor that the marshal did not mail to them the notice required to be given, and does not show any ground for avoiding a discharge. (8) The fourth specification sets forth no ground known to the law for avoiding a discharge. (9) The fifth specification sets forth no ground for avoiding the discharge.

*George W. Gordon,* for the creditors.

*Gantt & Patterson,* for the bankrupt.

HAMMOND, D. J. The demurrer makes the mistake of treating this petition as one filed under section 5120 of the Revised Statutes, being section 34 of the original act. If it is to be tested by the requirements of that section the demurrer is well taken; but it is not. The petitioner invokes the jurisdiction of the court to correct a decree

improvidently granted, not entirely because of irregularities, but because the decree is void for want of jurisdiction to make it.  I shall not stop to inquire how far, conceding the jurisdiction of the court, the petitioners may go in the correction of mere irregularities in the bankruptcy proceedings by a petition of this character, because treating the demurrer as if it challenged the right to do this, it cannot be sustained for the reason that it is too broad and goes to the whole petition, as well that part which attacks the jurisdiction to grant the discharge as that which seeks to avoid it for irregularities.   Indeed, I think the petition itself only sets out these irregularities as averments of facts showing a want of jurisdiction to grant the discharge; and whether so intended or not that must be its legal effect, for I take it that mere irregularities can only be corrected, while the case is pending, by this court itself, or the circuit court, on a supervisory petition, as other errors are corrected in bankruptcy proceedings, and not otherwise.   There is no prayer to correct errors in that sense, but one to annul the discharge for want of jurisdiction, and I shall treat the petition as filed for that sole purpose.

The record of the bankruptcy proceedings, furnished me by counsel with their briefs, does not contain the original petition in bankruptcy, and if I could look into it all in determining this demurrer, I do not now know what are its averments.   This petition does not show, but only states, that he was not a resident or citizen of this district.   I infer from what is alleged in this petition that the bankruptcy petition was the copartnership petition of Lonsdale & Thompson.   This petition to set aside the discharge assumes that as to the *individual* liabilities of Thompson there can be no discharge, unless he was a resident or citizen of this district, and that a failure to file schedules of his individual debts and assets renders a decree granting him a discharge void for want of jurisdiction.   The creditor filing this petition to annul the discharge was, as appears by the petition itself, a creditor of the firm as well as a creditor of Thompson individually, and he actually appeared and contested Lonsdale's right to a discharge by filing specifications in opposition to it, which were decided in favor of the bankrupt.   Having procured from the clerk the original petition, I find that it avers that "the petition of John G. Lonsdale, Jr., of the county of Shelby and state of Tennessee, and George C. Thompson, of the parish of Carroll and state of Louisiana, respectively composing the firm of Thompson & Lonsdale, and district aforesaid, respectfully represents that the said John G. Lonsdale, Jr., and George C. Thompson, copartners, transacting business at Memphis, in the county of

Shelby and state of Tennessee, in said district, have resided, as aforesaid, for six months next immediately preceding the filing of this petition, etc." There are attached to the petition schedules purporting to be those of the firm liabilities and assets, and of John G. Lonsdale's individual liabilities and assets, but nothing purporting to be schedules of Thompson's individual liabilities and assets.

From this analysis of the petition we are now considering, and this statement from the record, it will be seen how inartificial and defective it is, considered as one to set aside the discharge and supersede the proceedings for causes not mentioned in section 5120 of the Revised Statutes. If this demurrer should be sustained because of these defects the petition could be amended, and although it does not set out the original bankruptcy proceedings in so full a manner as to raise all the questions involved, nor make the record an exhibit, as it should do, I have, in pursuance of my habit to wind up the old bankruptcy business of this court as best we can, concluded to treat the petition as if the record were an exhibit to it, and as if it were more specific in the allegations based upon that record, though I think such a practice wholly subversive of orderly procedure. But we never had, in this court, any rules regulating the practice in bankruptcy, outside of the general orders of the supreme court, and I know, from my own experience at the bar, how difficult it was for a lawyer to determine how to proceed in their absence in matters not regulated by the statute or general orders. Since the repeal of the act it would be useless to prescribe rules, and there is excuse for not too much scrutiny of informalities of the kind mentioned.

The demurrer admits the facts stated to be true, and the first question is whether a creditor who has proved his debt can, at this stage of the proceedings, object to the jurisdiction of the court to grant the discharge. The jurisdiction is denied on two grounds, essentially different in their character: *First*, the creditor alleges he had no notice, and none was given to him or other creditors who had proved their debts, of the application by Thompson for a discharge, as required by section 5109 of the Revised Statutes, which enacts:

"Upon application for a discharge being made, the court shall order notice to be given by mail to all creditors who have proved their debts, and by publication, at least once a week, in such newspapers as the court shall designate, due regard being had to the general circulation of the same in the district, or in that portion of the district in which the bankrupt and his creditors shall reside, to appear on a day appointed for that purpose, and show cause why a discharge should not be granted to the bankrupt." Rev. St. § 5109.

On this branch of the case it will be important to determine whether a failure to give this notice operates to render the decree granting the discharge void, or whether it is only voidable on showing some ground for which it should have been withheld if properly presented before granting the discharge. *Secondly,* the creditor attacks the jurisdiction of the whole bankruptcy proceeding at the point of the original petition by alleging that the bankrupt was not a citizen or resident of this district, but of Louisiana.

It will be seen from what has been said how important to every person holding a certificate of discharge in bankruptcy, and to all holding claims against them, are the questions raised by this petition. Here is a creditor, after the discharge is granted, attacking it as void for want of jurisdiction, or for irregularities that necessarily reopen the whole case, and compel us to go over it again, to determine not only the question of jurisdiction, but many other matters pertaining to the proceeding, and this, too, at the suit of a creditor who proved his debt, and took part in the proceedings without making this objection that he now sets up. Can this be done, and if so, under what limitations or restrictions? It is sometimes, indeed very often, said loosely that it is never too late to take objection to the jurisdiction of a federal court, and there is not wanting a kind of judicial sanction for the notion that in determining questions of jurisdiction in these courts a more strict rule is to be applied than to other courts, and that they must be treated with that degree of scrutiny that is applied to jurisdiction obtained by extraordinary process, or to that belonging to courts of extraordinary powers. I dissent entirely from this view, and while we are constrained by authority in that class of cases where jealousy of these courts has resulted in very strict construction of their jurisdiction, and the mode of obtaining it, the principle does not at all apply in bankruptcy, admiralty, and other proceedings of which they have exclusive cognizance, so far as pertains to jurisdiction over the persons or *res* involved in the litigation.

Entire want of jurisdiction over the subject-matter may be taken advantage of at any time, and it is never too late to make the objection; and it may be even collaterally attacked. Freeman, Judgments, § 120; Id. § 117 *et seq.* But where the objection goes merely to a want of jurisdiction of the person or the thing, there may be a waiver of the objection or restrictions as to the time and manner of making it; the judgment becomes not void, but only voidable, and presumptions are indulged in favor of the jurisdiction, unless it be made

to appear by direct proceedings that there was a want of it. Id. § 124. It is not necessary to go into the technical complications of this subject here, but only to advert to the distinction, that we may have it in mind in considering this case. There is another familiar principle, that no man shall be bound by a decree injuriously affecting his interests without notice of the proceeding, either actual or constructive, to be given as prescribed by law for the purpose of binding him.

Now, it is one of the peculiarities of our late bankruptcy practice that, in a case of voluntary resort to the court, an adjudication, and necessarily an implied judgment that the court has jurisdiction, follows upon the mere filing of the petition without notice to anybody. It is true, the register was required to examine the petition and schedules and certify to their formal compliance with the requirements of the law, and if he found them defective in jurisdictional averments there would be no adjudication; but as such a defect would rarely appear, the form of the petition being prescribed by the rules, ordinarily the objection to the jurisdiction would rest in facts contrary to the averments of the petition. It cannot be that creditors are precluded by a judgment so made from taking objection to the jurisdiction; but I do not think it follows from this, as has been adjudged, that the objection can be made at any time during the progress of the case, and in opposition to the discharge, or on petition to set the certificate aside. After the adjudication the very next step is to notify the creditors formally of the proceeding, and effectually to bind them to it. By this notice the creditors became parties to the proceeding in the sense that they are permitted to come in and protect their interest, and are precluded if they do not. To my mind the proposition that they may come in, prove their debts, choose an assignee, distribute the estate, and take all the benefit of the proceeding they can have; and then when the debtor applies for a discharge object that the court has no jurisdiction to grant it, is intolerable. Why should they not, when notified of the proceeding, in analogy to other cases, make objection to the jurisdiction in the beginning? And why, if they prove their debts without taking this objection, should they not be considered to have waived it? If it be conceded that, in cases at law or equity, where the record shows a want of jurisdiction on its face the objection may be taken at any time; on the other hand, if it show jurisdiction on the face the showing is conclusive, unless there be an objection taken by plea in abatement or otherwise *in limine*. But I am unwilling, for my part, to extend any principle that would permit a proceeding to be vacated for want

of jurisdiction, because the jurisdictional facts do not appear on the face of the pleading to these petitions in bankruptcy. We have entire jurisdiction of the subject-matter, and may acquire jurisdiction of the persons and the *res* under given conditions; and it does seem that there should be a presumption in favor of the existence of the conditions and the jurisdiction, unless parties notified at once and in the beginning point out the defects or non-existence of the jurisdictional facts by motion or petition to vacate the adjudication for want of jurisdiction. If this be not the rule in such cases it is manifest not only that the discharge will fail, but the court being without jurisdiction of the original bankruptcy petition all that is done under it is void; the assignment is vacated; all titles to property sold under it become worthless, and the purchasers from the assignee under the decrees of the court must lose it. These consequences are inevitable. I do not, therefore, deem it important to inquire whether the original petition, on its face, gives jurisdiction or not, though I think it defectively states enough on which to predicate jurisdiction, or whether this petition to annul the discharge states enough to show a want of jurisdiction; for, whether the original petition is defective or not, or whether the facts it states are untrue or not, I hold that this creditor having been notified, or having appeared and filed his proof of debt without in any form taking objection to the jurisdiction, has waived that objection, and he cannot now make it at all. There seems to be some doubt or confusion in reference to the place of filing a voluntary copartnership petition where the partners reside in different districts; and it is not clear what the facts about their doing business in this district were, but I think it is too late to go into that inquiry. Bump, (10th Ed.) 68, 776. Whether the defects and irregularities he points out are such as would sustain an objection to granting a discharge I do not determine, because if the discharge be vacated it only reopens the case and leaves the parties and the record as it was at the time it was granted, and it can be then determined what would be proper to be done in the case.

The next question is whether the discharge can be set aside for want of notice to the creditors, or any of them, of the separate application for discharge, as required by section 5109 of the Revised Statutes, already quoted. This is a different question from the other and depends on different principles. The court has jurisdiction to grant the discharge, but is it valid if this notice be not given, and may it be set aside by a proceeding like this?

This application for a discharge is so far an independent proceed-

ing that the statute requires special notice, and I think the failure to give it has somewhat the same effect that a failure to serve any original process would have in a suit at law or in equity. What that precise effect would be in a collateral proceeding may be doubtful. It was held in *Shelton* v. *Pease,* 10 Mo. 473, that the want of notice under the act of 1841 would not have the effect to avoid the discharge, and in *Linton* v. *Stanton,* 4 La. Ann. 401, that it would be inconsistent with the strong language of the act giving effect to the certificate of discharge to pronounce the decree a nullity for want of the prescribed notice. I do not, in the least, doubt that in all collateral proceedings, as suits like those, this is, under the act of 1867, more entirely true than under the act of 1841, and that the certificate is conclusive whether the record shows notice or not. But in a direct proceeding to vacate the decree granting the discharge this principle has no application. A creditor relying on this section may reasonably expect notice of the application for discharge, and if it be not given the debtor may obtain a discharge by escaping all opposition from his creditors. There must be some mode of vacating such a decree. The bankruptcy statutes do not prescribe any, and we are left to rely on that inherent power of all courts to correct such errors as this. At common law there were writs of error *coram nobis,* the *audita querela,* and perhaps other methods of procedure, and where these and writs of error or appeal, and the *certiorari* and *supersedeas,* were inadequate, a bill in equity could be resorted to for relief. It must be that the court granting such a decree is authorized to correct a proceeding that should be, at least in its own forum, a nullity. There is the greater reason for this since in all other courts the certificate is, by virtue of the statute, conclusive. There are abundant modes of doing such work in the state courts, and a mere motion often suffices. We are not embarrassed, in this court, by any limitation as to terms of court which are not known as to our bankruptcy jurisdiction. The English bankruptcy courts possessed plenary power to supersede the commission, as it was called, or correct such errors; and while we cannot claim, perhaps, all their powers in that direction, we may, unquestionably, assume that, by necessary implication, our statutes confer on these courts ample authority to undo this wrong in the administration of the act. The authorities sustain it, and I am content to merely cite them without comment on their particular application to this case. Freeman, Judgments, §§ 90–148; Hilliard, Bankruptcy, 406–414; *Ex parte Christy,* 3 How. 292, 312, 315; *Re Morris,* Crabbe, 70; *Re Walker,*

1 N. B. R. 386; S. C. 1 Low. 237; *Re Goodfellow,* 3 N. B. R. 452; S. C. 1 Low. 510; *Re Little,* 2 N. B. R. 294; S. C. 3 Ben. 25; *Re Dupee,* 6 N. B. R. 89; *Re Penn,* 3 N. B. R. 582; S. C. 4 Ben. 99; *Re Fogerty & Gerrity,* 4 N. B. R. 149; S. C. 1 Sawy. 234; *Re Thomas,* 11 N. B. R. 330; *Re Bergeron,* 12 N. B. R. 385; *Re Griffith,* 18 N. B. R. 510; *Re Hamlin,* 16 N. B. R. 522, 528.

Some of these cases would support the position that the discharge may be opposed or vacated by showing that the jurisdictional facts averred in the original bankruptcy petition are untrue, but I am not willing to assent to that doctrine, and must, for reasons I have stated, hold that the creditors, when they were served with notice of the filing of the petition, should have then promptly taken such steps as were necessary to complain of the jurisdiction, and that they cannot go on to the end and set up such an objection for the first time in opposition to the discharge, or by petition to vacate it. The only doubt I have in the matter of vacating this certificate for want of notice of the separate application for the discharge under section 5109, Rev. St., is whether sound practice does not require that a creditor moving to vacate it must, in analogy to our state practice in *certiorari* and *coram nobis* cases, show that he has been injured by setting out facts from which it will appear that the bankrupt is not entitled to a discharge on some ground the statute recognizes as a reason for withholding it. Why should this discharge be vacated only to grant another, or should the creditor be permitted to enter into a fruitless opposition? It is, no doubt, a better practice to require such a showing, and if I were to prescribe a rule of practice in such cases it would be so framed; but here there are the appearances of a fraud on the court in procuring this certificate, and inasmuch as this bankrupt never, so far as I can now see, filed any schedule of his individual assets and liabilities, nor gave any notice to these creditors, it may be that there should be steps taken to compel such schedules, appoint an assignee, and administer the estate; and in the progress of that administration there may be developments for which a discharge would be withheld. I shall not, therefore, in this case, require the petitioner to set out grounds for which the discharge should be withheld, but if on the hearing the want of notice should be shown as alleged, will, for that reason alone, reopen the case by vacating the discharge.

Overrule the demurrer in accordance with this opinion.

### DECREE.

### In the matter of LONSDALE & THOMPSON, Bankrupts.

The demurrer of the bankrupt George C. Thompson to the petition of Thomas H. Allen & Co., to vacate and annul the discharge of the said bankrupt, is sustained, so far as the said petition seeks to vacate the discharge for want of jurisdiction in the court to entertain the original bankruptcy petition; but so far as it seeks to vacate the discharge for want of notice to the creditors, under section 5109 of the Revised Statutes, of the separate application for discharge, the said demurrer is overruled, and the bankrupt has leave to answer the said petition within 10 days from this date, or it will be taken for confessed. All other matters are reserved.