### In re WILLIAMS.

(District Court, D. Washington, E. D.    February 2, 1900.)

BANKRUPTCY—JURISDICTION—DOMICILE OF BANKRUPT.

 A court of bankruptcy has jurisdiction of a voluntary petition for adjudication in bankruptcy, filed by a debtor who has had his domicile within the district for the preceding six months, although, during the greater portion of that time, he has resided abroad, provided there was no abandonment of the original domicile, nor acquisition of a new one, and the debtor returned to the district, before the filing of the petition, with the intention of making his permanent home there.

In Bankruptcy.    On review of order of referee in bankruptcy dismissing a voluntary petition for adjudication.

Judson & Geraghty, for the bankrupt.

HANFORD, District Judge. This is a case of voluntary bankruptcy, in which the referee has raised a question as to the jurisdiction of the court on the ground that upon examination of the petitioner it was made to appear by his testimony that he has not had his place of business, resided, or had his domicile within the terri-

torial jurisdiction of this court for the six months next preceding the date of filing his petition, or the greater portion thereof; and the case has been certified by the referee for the opinion of the court upon that question. The facts shown by the testimony are as follows: The petitioner did reside and had his domicile in this state, and was for a time engaged in business at Fairhaven, in Whatcom county, and at Everett, in Snohomish county, and while engaged in business at said places contracted the debts for which, by his petition, he is now asking to be discharged. He closed up his business at Everett in the year 1893, and went to Spokane in search of employment. Being unable to obtain employment there, he went to British Columbia the same year, where he was for a time employed in mining, and afterwards engaged in business with a partner as a hardware merchant, and continued in that business until the fall of 1899, when he closed up his business, and removed to Spokane, purchased a home, and established a permanent residence there. His petition to be adjudged bankrupt was filed in this court in less than one month after the date of his removal to Spokane. The petitioner is a citizen of the United States, and did not at any time while sojourning in British Columbia exercise or claim the rights of a citizen of that country, nor have an intention to change his domicile, or to permanently reside there; and each year during said time he returned to this state, looking for employment, or a business opening, and had a definite intention to return and reside permanently in this state whenever circumstances, from a business point of view, should favor his return. At the time of taking up his residence in Spokane, he would have been willing to go to Montana, or elsewhere, if he found opportunities for business, but he did not actually resolve to locate anywhere outside of this state. Under the provisions of the second section of the bankruptcy law it is essential to the jurisdiction of this court for the petitioner to have had a domicile within the state during the greater part of the six months preceding the date of filing his petition. "By 'domicile' is meant that residence from which there is no present intention to remove, or to which there is a general intention to return. The domicile of a bankrupt does not depend on citizenship, nor on residence, but on the concurrence of two elements: First, residence in a place; and, second, the intention, for the present, to make that place his home. A person cannot be without a legal domicile somewhere. The domicile of a person may be changed. To constitute a new domicile, two things are indispensable: First, residence in a new locality; and, second, the intention to remain there. The change cannot be made except facto et animo. Both are alike necessary. Mere absence from a fixed home, however long continued, cannot work the change. There must be animus to change the prior domicile for another. Until the new one is acquired, the old one remains." Loveland, Bankr. p. 335. The statement of the law to be applied in deciding the question contained in the above quotation is fully sustained by the following decisions of the supreme court of the United States, cited by the author: Mitchell v. U. S., 21 Wall. 352, 22 L. Ed. 584; Desmare v. U. S., 93

U. S. 610,. 23 L. Ed. 952; Morris v. Gilmer, 129 U. S. 328, 9 Sup. Ct. 289, 32 L. Ed. 690. See, also, 10 Am. & Eng. Enc. Law (2d Ed.) pp. 7, 11, 14, 15. Under the law, as I find it declared by the highest court of this country, the petitioner did not change his domicile when he went to British Columbia in 1893, nor afterwards, because he did not have the intention to remain there, and he did have a definite intention to return to this state. The order made by the referee that the petition be dismissed will be vacated, and the case will proceed in the usual course.