## In re MASON.

(District Court, W. D. North Carolina. February 5, 1900.)

1. BANKRUPTCY—JURISDICTION—OBJECTIONS WAIVED.

Creditors desiring to object to the jurisdiction of the court over the person of a voluntary bankrupt must present their objection promptly, by motion to dismiss the petition or to vacate the adjudication; otherwise, the objection will be taken to have been waived.

2. SAME—OPPOSITION TO DISCHARGE.

An objection to the jurisdiction of a court of bankruptcy on the ground that the bankrupt had not resided or had his domicile within the district for the requisite period of time before the filing of the petition cannot be interposed, for the first time, in opposition to the bankrupt's application for discharge, by a creditor who proved and filed his claim, participated in the election of a trustee, and shared in the distribution of the estate.

In Bankruptcy. On bankrupt's application for discharge, and opposition thereto by creditors.

H. N. Pharr, for bankrupt.

T. J. Rickman, for creditors.

EWART, District Judge. Sidney Davis, trading as Davis & Son, of London, England, is a judgment creditor of Mason, bankrupt, to the amount of $2,132.45. Mason filed a petition in bankruptcy

March 4, 1899; alleging in his petition that he was a resident of the county of Lincoln, state of North Carolina, for the preceding six months, or the greater portion thereof. Davis & Son filed their proof of claim with the referee in bankruptcy of that district. On the final meeting of creditors to show cause why a discharge should not be granted, Davis & Son appeared, and filed the following specifications, which were duly verified by their counsel, T. J. Rickman, Esq.:

"(1) Because the said bankrupt has not had his principal place of business or resided or had his domicile within the respective territorial jurisdiction of this court for the preceding six months, or the greater portion thereof, from the time of filing his said petition in bankruptcy, as required by chapter 2, § 2, of the bankruptcy act of 1898. (2) Because the said bankrupt acquired no domicile or residence at all in the county of Lincoln, North Carolina, in the said jurisdiction of this court; he having arrived there on the 4th of January, 1899, as a visitor only, and left there on the 8th of March, 1899, and having filed his petition and been adjudicated a bankrupt on the 4th day of March, 1899, just prior to leaving for his true place of residence, which petitioners are advised is in the city of Baltimore, Maryland. (3) Because said petitioner is a resident of another jurisdiction, and has filed his petition in this jurisdiction for the purpose of making it more inconvenient for creditors to assert their lawful rights in the said proceedings,—said bankrupt having willfully sworn falsely in relation to his domicile, residence, and place of business; and the same is hereby set up by this said petitioner, creditor, in order to show a want of jurisdiction in this court, and consequently as a legal ground for withholding the discharge of said bankrupt."

The specifications are disallowed. Creditors, when bankruptcy proceedings have been commenced, must promptly, by motion or petition to vacate the adjudication, object to the jurisdiction of the court, or the objection is waived. A creditor cannot prove his debt and file the same, as in this cause, participate in the election of a trustee, distribute the estate, use the proceeds for his benefit, and then, on the application of the bankrupt for a final discharge, for the first time, object to the jurisdiction. Entire want of jurisdiction over the subject-matter may be taken advantage of at any time, and it is never too late to make the objection, and it may be collaterally attacked. Freem. Judgm. 120–117 et seq. But, where objection goes merely to a want of jurisdiction of the person or the thing, there may be a waiver of the objection, or restriction as to the manner and time of making it. In proceedings in bankruptcy, an adjudication, and necessarily an implied judgment that the court has jurisdiction, follow upon the filing of a petition. No notice is necessary that an adjudication will be made. After an adjudication, by notice, creditors become parties; and, if they do not, they are precluded. If this is not the rule, not only does the discharge fail, but, the court being without jurisdiction of the original proceeding, all that is done under it is void. The assignment is vacated, all sales invalid, titles made worthless. These consequences are inevitable. The case of In re Little, 2 N. B. R. 294, Fed. Cas. No. 8,391, cited by counsel for the contesting creditor, is not applicable. In that case Little was actually a resident of New Jersey, while he had an office in New York; and, besides, it does not appear that the contesting creditor had proven or filed his claim, and thus raised the question of jurisdiction, as in this case. In re Penn, 3 N. B. R. 582, Fed. Cas. No.

10,926, is also cited by counsel for Davis & Son. That appears as a mere dictum, and directly contra is Allen & Co. v. Thompson (D. C.) 10 Fed. 116. The bankrupt is entitled to his discharge. It is so ordered.