In re CLISDELL.

(District Court, N. D. New York.  April 24, 1900.)

BANKRUPTCY—OPPOSITION TO DISCHARGE—WANT OF JURISDICTION.
    Where an adjudication in bankruptcy has been duly made, upon a petition sufficient on its face, and without any challenge to the jurisdiction of the court, creditors cannot oppose the bankrupt's application for discharge on the ground that he had not resided within the district for a sufficient length of time to give the court jurisdiction over him.

In Bankruptcy.  On motion to confirm report of referee recommending the bankrupt's discharge and upon exceptions thereto.

John F. Parkhurst and R. R. Martin, for bankrupt.
Waldo W. Willard, for opposing creditor.

COXE, District Judge. The discharge is opposed upon the ground that the bankrupt was not domiciled within this district for six months, or the greater portion thereof, prior to filing his petition in bankruptcy. This question upon the facts is close and difficult. A similar issue was presented in Re Williams (D. C.) 99 Fed. 544, with the same result as that reached by the referee. It is unnecessary to decide this question here for the reason that, in the opinion of the court, it cannot be considered in this proceeding. Whether or not the court was right in adjudicating Clisdell a bankrupt, is not now in issue. He has been adjudicated a bankrupt. The petition was sufficient on its face, and nothing appeared in that proceeding challenging the jurisdiction of the court. The opposing creditor appeared and filed his proof of claim and examined the bankrupt before the referee. Here then is a bankrupt duly adjudicated. His petition for a discharge is a separate and distinct proceeding. The court is familiar with no rule of law by which, in such circumstances as are here shown, objections disputing jurisdiction in the original proceeding can be thus determined collaterally. It is too late. Certainly there is no provision of the bankruptcy law which authorizes such a course. The petition for a discharge rests upon the fundamental proposition that the petitioner has been adjudicated a bankrupt, and the objections which may be interposed and litigated are those pointed out in sections 14 and 29 of the act. It would involve the administration of the law in endless confusion if the issue of domicile can be raised in every matter growing out of, or ancillary to, the original bankruptcy proceedings. The question has been recently decided in Re Mason (D. C.) 99 Fed. 256. This court is in accord with the views there expressed.

The discharge is granted.