## In re WALRATH.

(District Court. N. D. New York. January 4, 1910.)

**1. BANKRUPTCY (§ 41\*) — PERSONS ENTITLED TO ADJUDICATION — INFANTS — "DEBT"—"PERSON" WHO "OWES DEBTS."**

Bankr. Act July 1, 1898, c. 541, § 1, subd. 11, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3419). provides that "debt" shall include any debt, demand, or claim provable in bankruptcy; section 4 declares that any "person" who "owes debts," except a corporation, shall be entitled to the benefits of the act as a voluntary bankrupt; and section 63 declares that debts shall be a fixed liability, absolutely owing at the time of the filing of the petition, etc. *Held*, that the words "owes debts" mean an obligation for which a debtor is legally liable, and hence the bankruptcy act includes an infant, where he owes debts for which his property is legally chargeable.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 41.\*

For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886; vol. 8, p. 7628; vol. 6, pp. 5322–5335; vol. 8, p. 7752; vol. 6, pp. 5129–5130.

What persons are subject to bankruptcy laws, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

**2. BANKRUPTCY (§ 407\*)—APPLICATION FOR DISCHARGE—NATURE OF PROCEEDING.**

An application for a bankrupt's discharge is an independent proceeding, in which the jurisdiction and validity of the prior proceedings are not involved.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 731; Dec. Dig. § 407.\*]

**3. BANKRUPTCY (§ 407\*) — JUDGMENT — COLLATERAL ATTACK — INFANT'S DISCHARGE.**

Where a judgment was recovered against an infant on a debt for which his property was legally liable, and he thereupon became a voluntary bankrupt, the bankruptcy adjudication was not subject to collateral attack by the judgment creditor on an application by the bankrupt for a discharge, on the ground that an infant was not within the bankruptcy act, since the validity of the adjudication, not appealed from, reversed, or set aside, cannot be questioned. on application for a discharge, except by showing it was made by a court having no jurisdiction to pronounce it.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.\*]

In the matter of Henry L. Walrath, bankrupt. Application in the nature of a demurrer to the sufficiency of the specifications of objection to the bankrupt's discharge and to dismiss the same. Sustained.

Baldwin & Magee, for the motion.
McCarthy, Ludington & Hayden, opposed.

RAY, District Judge. The above-named bankrupt is an infant un-der the age of. 21 years, and it is alleged that for such reason this court has no jurisdiction to grant a discharge in this proceeding. Hen-ry L. Walrath filed his voluntary petition in bankruptcy on or about May 26, 1909. An adjudication was made, and the matter referred to C. L. Stone, Esq., one of the referees in bankruptcy. The first meeting of creditors was held July 19, 1909, and Frank E. Parsnow, a creditor, appeared and filed his claim in the sum of $939.40, and same was duly proved and allowed. A. H. Sheldon was appointed trustee of the estate of said bankrupt, and Parsnow .participated in such appointment. The trustee duly qualified and acted. Parsnow demanded an examination of such bankrupt, and such examination was had. It appears there were no assets. No other creditor proved a claim. September 15, 1909, the bankrupt filed his petition in due form, asking a discharge under the bankruptcy law. The referee has filed his certificate of conformity and recommends a discharge. On the return of the order to show cause on such petition for a discharge, said Frank E. Parsnow, who had proved such claim, filed specifications of objection to the discharge of the bankrupt on the ground that, he being an infant, the court has no jurisdiction to grant such order.

The claim of Parsnow proved and allowed, and which gives him standing in court, is the amount of a judgment in his favor against Walrath in an action for negligence, from which no appeal has been taken. The said objecting creditor has not at any stage moved to open the adjudication or dismiss the petition instituting the bankruptcy proceedings. Infants are liable for some debts, and they and their property may be bound in judgment therefor. This claim of Parsnow is one of that class. It has been so adjudicated by a court of compe-tent jurisdiction. Walrath, the bankrupt, owes the debt. He owed the debt when the proceeding in bankruptcy was instituted. The law has so adjudged. The bankruptcy act, "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898 (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3418]), as amended February 5, 1903 (32 Stat. 797, c. 487), and June 15, 1906 (34 Stat. 267, c. 3333), provides in section 1 that " 'debt' shall include any debt, demand or claim provable in bankruptcy," and in section 2 that the courts of bankruptcy shall have power to "ad-judge persons bankrupt who," etc., and in section 4 that "any person who owes debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt," and in section 63 that "debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him," etc.

This was a provable debt, and was proved by this objecting creditor, and duly allowed. The act nowhere excepts infants from its provi-sions or benefits. The language is as broad as it could have been made in general terms to include infants, and there is nothing else-where in the act indicating that they are not included in the language quoted. There is no ground of public policy for excluding them, or

so construing the act as to exclude them, where they owe debts. This court therefore holds that Henry L. Walrath was, although an infant, entitled to the benefits of the act, and that he was properly adjudicated a bankrupt. The proceedings had are neither void nor voidable. In re Carl S. Brice, 2 Am. Bankr. Rep. 197, 93 Fed. 942; Collier on Bankruptcy (7th Ed.) 96, 97, where it is said:

"An infant, either petitioning or petitioned against, must appear to have capacity to owe. It is yet a mooted question, however, whether an infant who has either held himself out and traded as an adult, or who alleges only debts for necessaries, cannot be adjudged bankrupt on his own petition. The better opinion seems to be that he can."

This infant in respect to this debt was under no disability. He owed the debt, and his property was liable for its payment. Suppose he had owed ten debts of the same class and grade, with only property sufficient to pay 50 cents on the dollar; is there any good reason why he should not have been adjudged a bankrupt, and his property applied in payment of all pro rata? Or, should the first one to obtain judgment and execution be allowed to sweep the deck, in the very face of the act and its declared purpose? Under the act of 1841 (Act Aug. 19, 1841, c. 9, 5 Stat. 440), where, as here, infants were not exempted from its operation, it was held they were entitled to its benefits. In re Book, 3 McLean, 317, Fed. Cas. No. 1,637. It is unquestionably true that an infant cannot be adjudicated a bankrupt, unless it appears that he "owes" debts. The word "owe" means something: That he is now legally liable for its payment, and that it may be enforced. This being so, he is entitled to his discharge in this proceeding instituted for that purpose; no other ground of objection appearing. "Any person who owes debts" is entitled to the benefits of the act, and it cannot be successfully contended that an infant is not a person.

But the validity of these proceedings cannot be challenged here collaterally. The petitioner has been adjudicated, and jurisdiction established. That judgment stands unimpeached. This is an independent proceeding. In re Clisdell (D. C.) 4 Am. Bankr. Rep. 95, 101 Fed. 246; In re Mason, 3 Am. Bankr. Rep. 599, 99 Fed. 256. Sections 11 and 29 state the objections which may be interposed and litigated here. Jurisdiction and the validity of the prior proceedings are not included. The confusion in the cases has arisen over the attempt to show that an infant who actually "owes" a debt for which he and his property are liable, and which may be enforced against both, is not entitled to the benefits of the act, for the reason that infants who have made contracts not binding, and which may not ever become binding, which the infant may ratify on becoming of age and then owe the debt incurred by such ratification, but which they do not owe or cannot owe during infancy, are not entitled to the benefits of the act; in other words, that infants who do "owe" debts are not entitled to the benefits of the act, for the reason infants who do not owe debts are not.

Infants with no liabilities except of the latter description are not entitled to the benefits of the act, for the reason they do not "owe" debts, not for the reason they are infants. An adult is not entitled to the benefits of the act unless he owes debts. The disability of the

infant goes to his power to incur a debt, so that he cannot be said to owe it, not to his power to pay or avoid a debt he actually owes, or take the benefit of a law which releases him, or which may release him, from one he actually "owes." The law does not say "any adult person who owes debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt," but "any person"; and until it can be demonstrated that an infant who owes a debt is not a "person," such infant is within the law and entitled to its benefits. Such infant is clearly included in the term "any person who owes debts," etc. It would have been just as easy for Congress to have said "Adult persons who owe debts," or "Any adult person who owes debts," and thus have excluded infants who owe debts, as to have used the language it did. It was not the purpose of Congress to secure an equal distribution of the property of all insolvent adult persons amongst their creditors, respectively, and give them the benefits of the act, and leave the property of infants within the grasp of the first creditor obtaining judgment, to the exclusion of all others, and leave such infant liable for its unpaid debts or for the remainder of its unpaid debts. There is no reason why infants who owe debts which may be enforced against them and their property should not have the benefit of the act, and I can see no legal obstacle to their having it.

By the adjudication it was settled that Walrath, the petitioner, owed debts, and in that adjudication this objecting creditor acquiesced. He made himself a party to the proceedings in bankruptcy, when he appeared therein, and proved his claim, and examined the bankrupt, and took part in the appointment of the trustee of his estate. He comes here in this proceeding, alleging that he is a creditor of this infant, and, in legal effect, asserts that the petitioner owes to him an established and enforceable debt. On his own showing this infant is within and entitled to the benefits of the law. He sets up no objection specified as a ground for refusing a discharge in sections 14 and 29 of the act, and as the adjudication stands unreversed it must be assumed to be valid. As was said by Coxe, Circuit Judge, in Re Clisdell, supra:

"The petition for a discharge rests upon the fundamental proposition that the petitioner has been adjudicated a bankrupt."

This court holds that the validity of that adjudication, not appealed from, reversed, or set aside, cannot be questioned, on application for a discharge, except by showing it was made by a court having no jurisdiction to pronounce it.

Motion granted, and there will be a discharge according to the prayer of the petition.

---

THE C. E. PAUL.

(District Court, D. New Jersey. September 1, 1909.)

1. SHIPPING (§ 81*)—LIABILITY OF VESSEL FOR TORTS—NEGLIGENCE OF MASTER.

Where it was necessary that a heavily laden barge moored alongside a wharf should float out with the ebb tide to avoid grounding, owing to the shallow water near the wharf, a scow which moored outside of her was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes