## In re CARNERA.

### No. 57584.

District Court, S. D. New York.

Nov. 24, 1933.

Alexander & Green, of New York City (Edward W. Bourne and Donald M. Dunn, both of New York City, of counsel), for creditor.

Max Rockmore, of New York City, for bankrupt.

PATTERSON, District Judge.

Primo Carnera filed a voluntary petition in bankruptcy on June 17, 1933, and was adjudicated the same day. In his petition he alleged that he had had his principal place of business and had resided or had his domicile at the Hotel Victoria in New York City and in this district for the greater part of the period of six months preceding the filing of the petition. Later a judgment creditor of the bankrupt made a motion to have the adjudication vacated and the petition dismissed on the ground that the bankrupt had not had his principal place of business, residence, or domicile here for the greater part of the six months' period, and that jurisdiction over the case was therefore wanting. The issues raised by this motion were referred to a special commissioner who has reported that in his opinion the bankrupt both resided here and had his principal place of business here for most if not all of the period in question.

The bankrupt is a renowned Italian pugilist. His domicile is and always has been in Sequals, Italy. He first came to this country in January, 1930, being admitted as a temporary visitor. He stopped at a hotel in New York City, but spent considerable time traveling over the country in the fulfilment of boxing and theatrical engagements. He remained in the United States for the greater part of 1930 and 1931. After a trip to Italy that covered several months in 1932, he came here again in June, 1932, being admitted by the immigration authorities as a temporary visitor and receiving a permit to stay for six months. In December his permit was extended.

The six months' period preceding bankruptcy begins with December 17, 1932. At that time Carnera was in Western cities boxing, although he kept rooms at the Hotel Lincoln here. On December 31st he returned to New York and moved to the Hotel Victoria, remaining until January 15, 1933. From January 13th to February 10th he was in New Jersey training for a fight, coming to New York once or twice a week to spend the night. From February 10th to February 24th he was in New York City again, occupying his quarters at the Victoria. On February 24th he gave up his hotel rooms and sailed for Italy. He did not return until May 12th, when he came in again as a temporary visitor on a six months' permit. He was at the Victoria from May 12th to June 1st, at which time he went to New Jersey to train for his fight with Jack Sharkey on June 29th. The petition in bankruptcy was filed on June 17th.

Carnera's quarters at the Victoria consisted of two rooms. There he received his mail and had his personal belongings. Correspondence files and a typewriter were kept there for business use by his manager. Contracts for fights and exhibitions were negotiated there; the manager taking the leading part in these activities. Trainers and sparring partners were paid off there, and persons calling for business or for curiosity were received there.

During the six months' period three contracts for fights were made. In them Carnera is described as of Venice or Sequals, Italy. In litigation here shortly before bankruptcy he alleged that in 1930 he was a resident of Italy. In the bankruptcy proceeding he testified that he had been a resident of New York City since his arrival in 1930.

■ Under the Bankruptcy Act § 2 (11 USCA § 11), a petition may be filed in the district where the bankrupt for the preceding six months or the greater part thereof had his residence, domicile, or principal place of business. The requirement as to residence, domicile, or principal place of business, while in the alternative, is jurisdictional, and, if all three are lacking, the adjudication must be vacated and the petition dismissed. In re Mitchell (C. C. A.) 219 F. 690; In re Pusey & Jones Co. (C. C. A.) 286 F. 88. See, also, Royal Indemnity Co. v. American Bond Co., 289 U. S. 165, 53 S. Ct. 551, 77 L. Ed. 1100. In this case the element of domicile may be eliminated at once, for it is conceded that Carnera's domicile has at all times been in Italy.

■■ I cannot agree with the commissioner that the bankrupt had a residence in this district. It may be granted that the residence referred to in the Bankruptcy Act is not the equivalent of domicile; a less permanent occupancy will answer for a residence. In re Garneau (C. C. A.) 127 F. 677; In re Lemen (D. C.) 208 F. 80; In re Davis (D. C.) 217 F. 113. But the bodily presence of a person in a place by no means makes that place his residence. In re Garneau, supra. I take it that a temporary visitor is not a resident, however loosely the latter word may be used. Carnera's status in this country has always been that of a temporary visitor. He originally gained admittance as a temporary visitor. Twice during the very period in question, in December, 1932, and in May, 1933, he declared to the United States government that he was no more than a temporary visitor. These declarations made ante litem outweigh his present testimony that he has been a resident of New York City since 1930. See Matter of Gaffney, 141 Misc. 453, 252 N. Y. S. 649. There is further proof that after his arrival here he regarded Italy as still his residence.

He so stated only two weeks before bankruptcy in the answer that he interposed in a suit filed against him. He signed several contracts in which he described himself as of Venice or Sequals, Italy. The conclusion is irresistible that he never thought of New York City as his residence until he decided to file a voluntary petition in bankruptcy.

The bankrupt's position as to residence is no better if we regard that term as requiring nothing more than bodily presence in a locality. Here the proof is that from December 17, 1932, to June 17, 1933, Carnera was physically within the confines of this district not over fifty-eight days, which is somewhat less than one-third of the entire period.

■ The case is otherwise as to the principal place of business. That Carnera had a business, and apparently a lucrative one, is undeniable. The proof indicates that for more than half of the six months preceding June 17, 1933, the headquarters of that business were the bankrupt's rooms at the Hotel Victoria. It was there that Carnera or his manager discussed prospects, negotiated contracts, attended to correspondence, interviewed callers, paid off assistants and performed the other business details incidental to his performances in the ring. It does not matter that there was no sign on the door or that there were no office boys moving around. Carnera and his staff had business, and the place where most of that business was carried on was his quarters at the Hotel Victoria. The commissioner's finding that the bankrupt had his principal place of business in this district for the major portion of the six months prior to the filing of the petition is sustained by the evidence, and the report will be confirmed in this respect.

The petition was properly filed in this district, and the motion to vacate the adjudication will be denied.