### In re HOLMAN.

No. 21665.

District Court, W. D. Pennsylvania.
June 11, 1948.

Russell M. Orcutt, of Erie, Pa., for bankrupt.

Thomas E. Doyle, of Erie, Pa., for petitioning creditor.

FOLLMER, District Judge.

The proceeding before us is a motion by the Western Reserve Finance Company of Cleveland, Ohio, a creditor, to set aside an adjudication in bankruptcy of one Robert M. Holman, it being alleged that there is lack of jurisdiction for the reason that the bankrupt had not had his principal place of business, resided or had his domicile within the Western District of Pennsylvania for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction.

Holman began his employment as a co-pilot with American Airlines about April 1942, operating during the first year out of New York and Fort Worth, Texas. He was then transferred to Cleveland, Ohio, where he was stationed about a year, and then about a year at Memphis, Tennessee. In 1945 he returned to Cleveland and has started his run, as co-pilot, from Cleveland, Ohio, since that time. His parents had moved to Cleveland in 1940. Up until September 1, 1947, when, having been married, he obtained a house at Cleveland, he kept his uniform and equipment at the home of his parents in Cleveland and also lived there when in Cleveland.

Toward the end of 1945 the schedules of the American Airlines were cut so that his flights were not regular. On January 19, 1946, he entered into a partnership with one H. Tice Bonesteel, the business being known as Presque Isle Aviation, which acquired three planes and other minor accessories and equipment and operated at a rented seaplane base at the foot of State Street, Erie, Pennsylvania. The nature of the business as contemplated was " * * * to instruct, carry passengers for sightseeing, for charter, sell new and used airplanes, equipment pertaining to airplanes and floats." There is no evidence that any sales were made. Flights were conducted by a pilot employed by the partnership, which also employed a dockman and sometimes part time, two dockmen.

Being employed by the American Airlines, Holman was not allowed to make other flights for hire, and with possibly one exception made none for the partnership. About August 13, 1947, Holman employed a broker in an effort to sell the partnership business. In September 1947 a Landlord's Warrant issued against the partnership. In October 1947 the venture entered a State Court Receivership, a temporary receiver being appointed October 6, and made permanent on October 13. Holman, individually, filed a Voluntary Petition in Bankruptcy, in the Western District of Pennsylvania, the adjudication being on January 13, 1948. The partnership is not now and has not been in bankruptcy.

Holman had no other business in Erie. He paid no personal taxes nor did he vote in Erie. During 1946 and the spring of 1947, Holman, when in Erie, stayed at the Y.M.C.A. and subsequently boarded with a private family, marrying the daughter on July 5, 1947. His wife accompanied him to Cleveland about September 1, 1947. The testimony of Holman being " * * * at which time we were able to find a house in Cleveland, * * *."

Prior to the receivership of Presque Isle Aviation, he would stop in at the seaplane base three or four times a week, depending upon his Cleveland flights for American Airlines. He would drop in a few minutes, half a day, or sometimes twice a day if he was in Erie all day, and on Sundays would help sell tickets at the seaplane base. There does not appear to have been anything else for him to do in connection with the partnership business. Operations ceased with the Landlord's Levy in September with the exception that one plane was operated two Sundays thereafter. The receivership did no business. Holman came to Erie late in 1947 to fly one of the planes to Cleveland for storage for the receiver, but this was not done because the plane carried no insurance. Holman stated "So the airplane was left in Erie and I went back to Cleveland." His partner saw Holman in Erie once in September and once (the last time) in November 1947. Holman is now

residing in Cleveland, Ohio, continues to operate out of Cleveland for the American Airlines, and conducts no other business in Erie.

■ The Bankruptcy Act provides that the Courts of Bankruptcy as defined in the Act,[1] may "Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction, * * *."[2] The limitations of this section as to residence, domicile and principal place of business are jurisdictional, pertaining to jurisdiction over the subject matter and cannot be waived.[3] Of course all three qualifications are not coincidently requisite. "If the person has either his residence, domicile or principal place of business in the district for the requisite period, it is sufficient; he need not have all nor any two therein."[4] Any contention that his domicile was in Pennsylvania may be eliminated from any consideration here. From 1943 to the present time he had consistently carried on his principal business, that of co-pilot with the American Airlines, from Cleveland, Ohio. It was there that he resided the greater part of that period. He was living in Cleveland, Ohio, when he entered into the Presque Isle Aviation partnership. It was to Ohio he invariably returned after any other temporary residence in connection with any business he may have had elsewhere. It was to Cleveland, Ohio, that he moved his family on September 1, 1947, this being as soon after his marriage as he was "* * * able to find a house in Cleveland," and his own testimony reveals no exercise of any of the incidents of domicile during this entire period in Pennsylvania. The term "residence" is not the equivalent of domicile, less permanent occupancy will suffice.[5]

This however does not help Holman here. While he may have temporarily resided in Erie, Pennsylvania, at short intervals during the period of the partnership activities, and from the time of his marriage, July 5, 1947, to September 1, 1947, he has not shown residence, even of the most temporary nature, in Erie, Pennsylvania, since that time, nearly a four and one-half month portion of the six months preceding bankruptcy. On the other hand such four and one-half month portion has been continuously in Ohio.

We are here concerned with the bankruptcy of an individual. The partnership is not in bankruptcy. It is material only as it may have some bearing on the determination of principal place of business, referring such term to Holman's personal business affairs.[6] Were the partnership included, other considerations would be involved.[7] Holman's interest in the partnership business was at all times subsidiary to his employment by American Airlines, which employment was in Cleveland, Ohio. He sought to dispose of his interest in the partnership about August 13, 1947. Landlord's Warrant issued in September 1947 against Presque Isle Aviation and it ceased to do business. It was in receivership October 6, 1947, and its affairs were being wound up. His partner saw him only once in September 1947, and (a last time) once in November 1947. His principal personal business interests were in Cleveland, Ohio, at least for a longer portion of the preceding six months than in any other jurisdiction. Certainly, in any event, this cannot be said as to Erie, Pennsylvania.

■ It follows therefore that Holman has not had his residence, domicile or principal place of business for a longer portion of the preceding six months in the Western District of Pennsylvania, than in any other jurisdiction. The Adjudication in Bankruptcy is accordingly set aside and vacated.

---

[1] Bankruptcy Act § 1, 11 U.S.C.A. § 1.

[2] Bankruptcy Act Sec. 2, sub. a(1) as amended June 22, 1938, 11 U.S.C.A. § 11, sub. a(1).

[3] Remington on Bankruptcy, Vol. 1, Sec. 36.

[4] Remington on Bankruptcy, Vol. 1, Sec. 38.

[5] In re Carnera, D.C. S.D.N.Y., 6 F. Supp. 267; Remington on Bankruptcy Vol. 1, Sec. 39.25.

[6] Petition of Hood Feed Co. (In re Knox), 6 Cir., 11 F.2d 743.

[7] Remington on Bankruptcy, Vol. 1, Sec. 41.