Jack Stanislaw, J.,
Defendant moves for a change of venue from the Supreme Court, County of New York, to the Supreme Court, County of Queens. The action is for libel arising out of the publication of an article in defendant’s newspaper. Defendant is a resident of Queens and its publication is circulated primarily in Queens County. Plaintiff states he is a resident of Kings County and has a place of business in New York County. His papers do not indicate the nature or address of such business or the extent of his attendance there. Although he opposes a change of venue to Queens, stating he would prefer it to remain in New York or else be changed to Kings, no motion has been made to remove it to the latter county.
Pursuant to CPLB 511, defendant served a written demand to change the venue to Queens County, on the grounds that New *912 York is not a proper coirnty and that defendant is a resident of Queens. Plaintiff having failed to serve a written consent to the change, this motion is properly brought in the county specified by defendant (CPLB 511, subd. [b]).
Where venue is based upon residence, the proper county is one where either the plaintiff or the defendant resided when the action is commenced (CPLR 503). Although a party may have more than one residence, ‘ ‘ the word 1 resided ’ as used in the section referred to, means a permanent residence, one’s home, as distinguished from a mere stopping place for the transaction of either business or pleasure ”. (Kleinrock v. Nantex Mfg. Co., 201 App. Div. 236, 238; Hammerman v. Louis Watch Co., 7 A D 2d 817.) Thus, since neither plaintiff nor defendant resided in New York County at the commencement of the action, New York is not a proper county “ The court had no right, on its own motion, to change the venue to Kings County ” (Levey v. Payne, 200 App. Div. 30, 32). Moreover, the law is well settled that in an action where residence controls venue and plaintiff lays the venue in a county of which he is not a resident, the defendant is entitled, as a matter of right, to have the venue changed to the county of his residence (Levey v. Payne, supra).
It is also well settled that ‘ ‘ an action for libel should be tried in the county in which the newspaper is published and circulated ” (MacCormac v. Tobey, 109 App. Div. 581, 582). The mere fact, that a small percentage of the total number of copies of the newspaper is circulated in the county selected by plaintiff, is insufficient to oppose a motion to change the venue to the county where the paper is actually published and most of its copies circulated. This would be so even if, at the time of the commencement of this action, plaintiff resided and had a place of business in the county where the action was commenced (Police Benevolent Assn. of N. Y. State Police v. Post-Standard Co., 20 A D 2d 523). Accordingly, the motion is in all respects granted.