**In re Madonna S. PETTIT, Debtor.**

**Bankruptcy No. 92–20941–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

May 22, 1995.

John F. Davis, Boston, MA, for debtor.

William Billingham, Marshfield, MA, for Chapter 7 Trustee.

---

Daniel M. Blackmon, Hyannis, MA, for creditor Richard L. Bast.

## DECISION ON MOTION TO DISMISS OR TRANSFER VENUE

WILLIAM C. HILLMAN, Bankruptcy Judge.

Madonna S. Pettit ("Debtor") filed her original petition under Chapter 7 on October 27, 1992.

A creditor of the Debtor, International Investigations, Inc. ("Movant") has filed the present motion to dismiss the case or transfer it to the Eastern District of Virginia. The motion asks that I find that Debtor failed to satisfy the 180–day venue requirements of 28 U.S.C. § 1408[1] and hence the case should be dismissed. Alternatively, Movant argues that if I find venue to be proper in this district, that I nevertheless transfer the case to the Eastern District of Virginia.[2]

An extended trial was held, memoranda filed by the parties, and the matter was taken under advisement.

This is a contested matter. Fed. R.Bankr.P. 9014. The following constitute my findings of fact and conclusions of law. Fed.R.Civ.P. 52(a), made applicable to contested matters through Fed.R.Bankr.P. 9014 and 9052.

Prior to June, 1989 Debtor lived in Virginia. Her husband, a career Coast Guard officer, was stationed in the Washington, D.C. area. The couple owned three parcels of real estate in Alexandria, one parcel acquired in February, 1992.

The evidence demonstrates and I find as a fact that the Pettits acquired a new domicile in Virginia, satisfying the clear and convincing evidence test applicable to military personnel. *See, e.g., Pentland v. Commissioner*, 11 T.C. 116, 1948 WL 23 (1948). The Debtor voted in Virginia; acquired property there; filed resident income tax returns; and she and her husband claimed resident status in sending their daughter to a state school.[3]

In June, 1989, Debtor's husband was assigned to a new duty station in Massachusetts. Debtor testified that government quarters were available to her husband in Massachusetts, and that they lived in those quarters until his retirement in June, 1992. Debtor testified that Massachusetts became her primary residence, with Virginia remaining as another. Nevertheless, from the time of the move to Massachusetts until February, 1992, Debtor continued to "commute" to Virginia in connection with various business ventures and litigation, including various parcels of family owned real estate. She testified that she received no compensation for those efforts. Her last earned income arose from a real estate project in Maryland, but she was living in Massachusetts when she received that income.

Debtor testified that she and her husband continued to treat Virginia in effect as their tax home even after the move to Massachusetts. This is supported by the various state and federal income tax returns submitted into evidence, where Debtor and her husband declared a Virginia residence. Whether this is an appropriate determination as a matter of tax law is not before me, except to the extent that the fact of the election affects the question of domicile and residence.

In June, 1992, Debtor took the position, in removing a case to the district court in this district, that her domicile was not Massachu-

---

1. "[A] case under title 11 may be commenced in the district court for the district ... in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district...."

2. "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. *See also* Fed.R.Bankr.P. 1014.

3. It is not clear whether the resident status required by Virginia for in-state tuition qualification is residence or domicile. Clarification of that issue is not essential to the determination of this case.

setts. The pleadings alleged a mere residence in Massachusetts, at a military reservation; not domicile.

In her original petition, Debtor stated that her street address was "Falmouth Yacht Club, Falmouth MA 02540." It is manifest that Debtor did not *live* at the Yacht Club, but that fact must be taken in the context of all of the evidence. Further, Debtor's counsel conceded that she was not relying upon a Massachusetts domicil (although Debtor testified that she left Virginia intending never to return on April 30, 1992).

At trial, Movant's counsel walked Debtor through her calendar for the period after leaving government quarters until, and beyond, the filing of the petition. Much of that time was spent on board the boat which the couple had owned for a number of years, and which Debtor testified became her home in June, 1992. The boat moved up and down the Atlantic coast and Debtor was otherwise quite peripatetic during the remainder of the venue period.

### Discussion

■ The presumption is that the district where the debtor files a bankruptcy petition is the appropriate district. *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.),* 896 F.2d 1384 (2d Cir.1990). It is Movant's burden to overcome that presumption.

■ I have reviewed the tapes of the entire trial, no transcript being available. After so doing, I find as a fact that Debtor had established a *residence* in Massachusetts long before the commencement of the venue period which continued into that period. "Residence" in a bankruptcy statute is not the equivalent of "domicile," and a less permanent occupancy will suffice. *In re Holman,* 78 F.Supp. 266 (W.D.Pa.1948) (Act case). I also find as a fact that Debtor's residence in Virginia terminated in 1989 when she joined her husband at his quarters

in Massachusetts.[4] However, her *domicile* was never changed from Virginia, notwithstanding her testimony that she left never intending to return. Once established, a domicile continues until a new one is acquired. *Frame, supra.* There is no evidence of an intent to establish a domicile outside of Virginia.

That having been said, Movant's burden is to demonstrate that some other venue was Debtor's *residence* for more of the venue period than Massachusetts.

The objective evidence presented by the parties is largely uncontradicted. It shows Debtor in motion, flitting from place to place, but never, in my opinion, settling down long enough to, or with the intention of, establishing another residence. "For venue purposes residence has been held to mean a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *Frame, supra.* I find as a fact that Debtor's residence in Massachusetts was the longest term residence which she possessed during the venue period.

As a matter of law, I hold that Movant has failed to demonstrate that Debtor has not satisfied the venue requirements of 28 U.S.C. § 1408.

■ Movant's alternative argument is that I should transfer the case to the Eastern District of Virginia, as I have authority to do under Fed.R.Bankr.P. 1014(a)(1).[5]

This request is addressed to my discretion which I decline to exercise. Litigation on this adversary proceeding, the main case, and a related case have been conducted vigorously in this court for more than two years. The only party urging removal to Virginia has had no difficulty in expressing himself though counsel in this venue. I find that justice would not be served by a transfer of the case to any other district.

---

4. Although I have found otherwise, Debtor's claim of residences both in Virginia and Massachusetts is consistent with the rule that one may have more than one residence. *In re Frame,* 120 B.R. 718, 723 (Bankr.S.D.N.Y.1990).

5. "If a petition is filed in a proper district, on timely motion of a party in interest ... the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties."

An order will enter denying the instant motion.