**In re Joel M. HANDEL, Debtor.**

**Bankruptcy No. 99–42125–HJB.**

United States Bankruptcy Court,
D. Massachusetts.

Dec. 2, 1999.

Sabin Willett, Bingham Dana LLP, Boston, MA, Michael J. DiLeo, Phillips, Lytle,

Hitchcock, Blaine & Huber LLP, New York City, for HSBC Bank USA.

Robert S. Adler, Seder & Chandler, Worcester, MA, for debtor.

### AMENDED MEMORANDUM OF DECISION ON ORDER DENYING STAY PENDING APPEAL

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court for determination is the "Motion of HSBC Bank USA for Stay And/or Suspension of Proceedings Pending Appeal" (the "Stay Request"), filed by HSBC Bank USA (the "Bank"). The Stay Request seeks a stay pending appeal of this Court's order of July 27, 1999 to the Bankruptcy Appellate Panel for the First Circuit (the "BAP"). That order denied the Bank's motion to dismiss or transfer this case to the United States Bankruptcy Court for the Southern District of New York.

### I. FACTS AND PRIOR PROCEEDINGS

On March 31, 1999, Joel M. Handel (hereinafter the "Debtor") filed a Chapter 7 petition in this Court. The Debtor filed his petition in the Western Division of this District, claiming a residence in Otis, Massachusetts (the "Massachusetts Residence").

On or about May 6, 1999, the Bank filed its "Motion of HSBC Bank USA for Dismissal or Transfer" (the "Bank Motion"). That motion requested that the Court dismiss the case or transfer it to the United States Bankruptcy Court for the Southern District of New York. In support of its motion, the Bank argued that the Debtor's

domicile and primary residence was in the Southern District of New York and not in the District of Massachusetts. The Debtor opposed dismissal or transfer of the case. The Debtor conceded that he enjoyed a residence in New York. However, he also maintained that he had owned the Massachusetts Residence for over twelve (12) years. The Massachusetts Residence had been used as a vacation home, and in the last few years, the Debtor actually occupied that residence for 30 to 35 per cent of each year.[1] The Debtor intended to make the Massachusetts Residence his domicile upon retirement from the practice of law in the State of New York.

The Court scheduled a non-evidentiary hearing on the Bank Motion for June 30, 1999, in Springfield, Massachusetts. On that day, after hearing from the parties, the Court concluded that it was necessary to take evidence with respect to the Bank's allegations. A hearing was then scheduled for July 27, 1999 in Worcester, Massachusetts.

At the July 27, 1999 hearing, scheduled to take evidence, neither party was prepared to introduce any. However, after hearing further from counsel, the Court concluded that the following facts were uncontested: (a) the Debtor maintained his primary residence in New York; (b) the Debtor had maintained a summer residence in Massachusetts for several years; and (c) the Debtor had physically spent more of the 180 days preceding the order for relief in the Southern District of New York than in the District of Massachusetts.

Based on the foregoing, the Bank argued that, pursuant to 28 U.S.C. § 1408(a)(1),[2] venue was improper. It

---

1. Apparently, during the very recent past, the Debtor has also spent time at the Mayo Clinic in Minnesota for treatment of an illness.

2. 28 U.S.C. § 1408 provides, in relevant part: [A] case under title 11 may be commenced in the district court for the district— (1) in which the domicile, residence, principal place of business in the United States, or

principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal

maintained that although the Debtor may have had more than one residence during the 180 day period prior to case commencement, the Debtor *actually resided* for a greater portion of that time in the Southern District of New York than in the District of Massachusetts. Therefore, venue was appropriate only in the Southern District of New York. The Bank urged dismissal, or, in the alternative, transfer to the Southern District of New York.[3] In the alternative, the Bank argued that, pursuant to 28 U.S.C. § 1412,[4] the Court should transfer the case to the Southern District of New York to satisfy the interest of justice and the convenience of the parties. The Debtor argued that the Debtor's long-term maintenance of a residence in Massachusetts satisfied the necessary legal predicate under § 1408(1); and that the only party for whom transfer under § 1412 would be convenient was the Bank. The Debtor preferred the convenience of the District of Massachusetts.

After hearing the arguments of the parties, and after some prodding of counsel to the Bank, the Court reached the conclusion that the Bank's interpretation of § 1408(1) precluded the possibility of concurrent residences. This Court disagreed, and ruled that a debtor could maintain more than one residence, for the purpose of the 180 day period set forth in § 1408(1), where each location constituted the debtor's residence for that entire period, regardless of whether it was actually occupied during the entire period. Further, the Court found the Bank unpersuasive on its request for transfer under § 1412. The

Bank had the burden of proof. But it presented no evidence, and not much of an argument in favor of any one's interest but its own.[5] Based on the uncontroverted evidence and the Bank's failure to offer any other, the Court found case venue properly grounded on the Debtor's residence in the District of Massachusetts, and did not reach the issue of the Debtor's domicile.

An appeal to the BAP followed. Because the appeal was of an admittedly interlocutory order, the BAP Panel considered whether to grant leave to appeal. On October 7, 1999, the Panel did grant the Bank leave to appeal, and expressed some concern as to the propriety of the July 27, 1999 order in light of the case of *In re Frame,* 120 B.R. 718 (Bankr.S.D.N.Y. 1990).

## II. *DISCUSSION*

▆ It is well settled that, on request of an appellant, a court should grant a stay of the order subject to appeal if:

(1) there is a likelihood of success on the merits of the appeal;

(2) the moving party will suffer irreparable harm if a stay is not granted;

(3) the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and

(4) the public interest would not be adversely affected by the issuance of the stay.

*In re Miraj,* 201 B.R. 23, 26 (Bankr. D.Mass.1996); *In re Froment,* 171 B.R.

---

assets in the United States, of such person were located in any other district . . .

**3.** The Bank maintains, and this Court agrees, that a court may not opt to retain a case improperly venued. *See In re Columbia Western, Inc.,* 183 B.R. 660 (Bankr.D.Mass.1995).

**4.** 28 U.S.C. § 1412 provides:
A district court may transfer a case or proceeding under title 11 to a district court for

another district, in the interest of justice or for the convenience of the parties.

**5.** To the dismay of the Bank, the Court was unable to conclude, as a matter of law, that the Bank's alleged inconvenience was more important than that of the Debtor or was the equivalent of injustice for the purposes of § 1412.

170, 172 (Bankr.D.Mass.1994); *In re Public Serv. Co.*, 116 B.R. 347, 348 (Bankr. D.N.H.1990); *In re Great Barrington Fair and Amusement, Inc.*, 53 B.R. 237, 239 (Bankr.D.Mass.1985); *see Equal Employment Opportunity Comm'n v. Astra USA, Inc.*, 94 F.3d 738, 742 (1st. Cir.1996). Allowance of the motion requires the presence of each of the foregoing factors, at least in some degree. *In re Miraj*, 201 B.R. at 26. And application by the trial court of the first factor (likelihood of success on the merits of the appeal) is best understood as a determination that the movant has a "substantial case" or a "strong case on appeal." *Id.* at 26–27.

The Bank has demonstrated that it has a "substantial case" on appeal. In fact, the BAP so recognized in granting leave to appeal. The BAP cited to the *Frame* case, noting a substantial difference of opinion. The BAP is quite correct, in that this Court believes that *Frame*, and cases relying thereon,[6] were wrongly decided.

■ Four independent bases are provided for venue under § 1408(1): domicile, residence, place of business and location of assets. By definition, domicile can be in only one place. *Frame*, 120 B.R. at 722. As for venue based on place of business or location of assets, § 1408(1) limits venue based on those factors by preceding each with the word "principal." However, no such limitation is employed with respect to the fourth factor "residence." And, it is undeniable that one may have more than one residence simultaneously. As the *Frame* court explained:

> Residence, when used in a sense other than domicile, is one of the most nebu-

lous terms in the legal dictionary and can have many different meanings depending on the context in which it is used. *See Corwin Consultants v. Interpublic Group of Cos.*, 512 F.2d 605, 609–610 (2d Cir.1975). Residence is less inclusive than domicile, importing merely having an abode at a particular place which may be one of any number of such places at which one is, at least from time to time, physically present. *See Brown*, 505 N.Y.S.2d at 337. For venue purposes residence has been held to mean a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure. *See Konigsberg v. Long Island Daily Press Publishing Co.*, 57 Misc.2d 911, 293 N.Y.S.2d 861, 862 (1968). The mere bodily presence of a person in a place by no means makes that place his residence for the purposes of venue. *See In re Carnera*, 6 F.Supp. 267 (S.D.N.Y.1933) (Decided under former Bankruptcy Act) (Italian pugilist held merely temporary visitor to United States and not a resident). *See generally,* Reese and Green, That Elusive Word, "Residence," 6 Vand.L.Rev. 561 (1953).

*Id.* at 723.

■ The Debtor's residence in the District of Massachusetts was no "mere stopping place." And if mere bodily presence does not establish residence, then the absence of bodily presence ought not to negate it. The Debtor here had two permanent concurrent residences.[7] Surely, Congress had the opportunity to limit venue based on residence by inserting the

---

6. The Bank counts among these the case of *In re Pettit*, 183 B.R. 6 (Bankr.D.Mass.1995), the only decision in this Circuit arguably addressing the issue. However, *Pettit* is distinguishable. The effect of legitimately concurrent residences was not before Judge Hillman. Rather, the court denied dismissal or transfer of the case after concluding that, during the applicable period, the Debtor never established a residence other than in Massachusetts. *Id.* at 8.

7. The 180 day period contemplated by § 1408(1) would of course apply to residences which were not legitimately concurrent. And a residence created for the purpose of creating venue should be disregarded for any purpose. *See In re Columbia Western, Inc.*, 183 B.R. 660 (Bankr.D.Mass.1995).

word "principal" or "primary" before the word "residence," as it did before the words "place of business" and "location of assets." Congress chose not to do so. Such a restriction ought not to be judicially created.

■ In light of the foregoing, this Court agrees that a substantial case is presented to the BAP with respect to this Court's ruling under § 1408(1) finding sufficient venue based on the Debtor's residence in the District of Massachusetts. Conversely, the Bank has failed to present a "substantial case" for appeal of this Court's ruling under § 1412. The Bank failed to present any evidence at the hearing. It only claimed to be inconvenienced because the Bank (a lending institution with a national footprint and represented in this case by counsel in New York and Boston) would be prejudiced if it were not able to use its New York counsel in a New York courtroom. This Court was unpersuaded. Firstly, "[t]he presumption is that the district where the debtor files a bankruptcy petition is the appropriate district." *In re Pettit*, 183 B.R. at 8. Secondly, it should be noted that egocentrism is not a substitute for evidence.

■ However, even with respect to its arguments under § 1408(1), the existence of a substantial case on appeal does not end the matter. Under *Miraj*, each of the other three factors above noted must also be met in some degree. The Court finds that the Bank has not met its burden with respect to two of the other *Miraj* factors.[8] The Bank has failed to demonstrate that continuation of the case in chief will cause the Bank irreparable injury or that the harm occasioned by a failure to grant the stay will outweigh the harm of its grant to the Debtor. The Bank claims that there may be difficulty later "undoing" some of the actions in this proceeding if the Bank's arguments are finally upheld. The Bank

is correct that there may in fact be *particular* instances wherein disagreements develop in connection with the sale or exemption of assets or the discharge of particular debts. In those circumstances, if they arrive, the Bank is free to object to the contemplated action, and where its views are not sustained, seek a stay based on those particularized issues or problems, and after protecting the estate or the Debtor with an appropriate bond, if necessary. However, the Bank's argument that all proceedings should be suspended pending final resolution of its review of this Court's order of July 27, 1999 would have the estate and the Debtor held hostage during the appellate process. The Bank's arguments imply that property of the estate would remain fixed in value while the case winds its way through the appellate process. The Bank would have the Debtor—entitled to a "fresh start" in the absence of proof to the contrary—wait an indefinite period for his rights under the Bankruptcy Code. But experience shows that the estate asset values do not remain static over long periods. They usually deteriorate. And if the Debtor bears any risk that an order of discharge will be subsequently nullified, the Debtor should be afforded the choice to either go forward in this proceeding dependant on final resolution of the venue issue—or agree to extend the deadline for objecting to exemptions, the discharge or the dischargeability of a particular claim. The Debtor's right to go on with his life outweighs the Bank's interest in reducing its counsel fees.

In light of the foregoing, this Court finds and rules that the Bank has demonstrated that it enjoys a substantial case on appeal, but has not demonstrated that the failure to grant a stay pending appeal would cause the Bank irreparable harm or cause the Bank greater harm than the harm that would be caused to the Debtor by the granting of a stay. Because the

8. The public interest is not here implicated.

**794**

Bank has not demonstrated the existence of at least two of the *Miraj* factors, the Stay Request will be DENIED.

A separate order in conformity with this Memorandum of Decision shall enter in conjunction with the decision.